DAVIDSON, Appellant,

v.

BP AMERICA, INC. et al, Appellees.

[Cite as *Davidson v. BP Am., Inc.* (1997), 125 Ohio App.3d 643.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 70170, 71812.

Decided Nov. 3, 1997.

*Lancione & Simon, Ellen S. Simon* and *Christopher P. Thorman*, for appellant.

*Squire, Sanders & Dempsey, Thomas S. Kilbane, Steven Friedman* and *Richard Gurbst* for appellees BP America, Inc. and Raymond N. Fritz.

*Ulmer & Berne, Stephen A. Markus* and *James A. Vollins*, for appellees Coopers & Lybrand and John Easton.

———————

HOLMES, Judge.

Plaintiff-appellant Jeffrey A. Davidson ("appellant") appeals from the judgments of the trial court that granted in part the motions to dismiss his claims in favor of defendants-appellees then, further, granted the motions for summary judgment in favor of defendants-appellees on each of his remaining claims against them. We find no reversible error and affirm.

## I.

The record reflects that appellant was hired by Coopers & Lybrand in its Columbus office effective November 1, 1992. On June 16, 1993, Coopers & Lybrand discharged appellant. On March 10, 1994, appellant·filed a five-count complaint in Cuyahoga County Court of Common Pleas against appellees BP America, Inc. ("BP"), Raymond N. Fritz, BP's general tax counsel ("Fritz"), Coopers & Lybrand, and John Easton, a partner in the firm ("Easton").

The facts as set forth are drawn from the allegations of appellant's first amended complaint. Appellant was an employee of BP, formerly Standard Oil of Ohio, from 1986 until 1992 as a senior tax analyst, during which time he discovered what he believed to be tax improprieties. In 1992, BP's tax compliance and audit work was outsourced to the accounting firm Coopers & Lybrand. Although the BP employees, including appellant, were offered the opportunity to

join Coopers & Lybrand in its Cleveland office to perform the tax compliance and audit work that they previously performed for BP, appellant, for personal reasons, desired to relocate to Columbus, Ohio. Consequently, in August 1992, appellant participated in BP's Voluntary Separation Program and accepted a position as tax manager with Coopers & Lybrand in its Columbus office commencing in November 1992. Appellant alleges that he kept informed of the alleged tax improprieties of BP and reported them to Easton, the Coopers & Lybrand partner in charge of the BP account. Appellant indicated to Easton that if the improprieties at BP were not corrected, he would report BP's improprieties to the Internal Revenue Service ("IRS"). Appellant claimed that as a result of his action in reporting BP's improper conduct to Easton, Fritz of BP and Easton of Coopers & Lybrand conspired to have him terminated from the firm. Appellant was discharged from the firm on June 16, 1993. As a result of his discharge, appellant commenced this action against the defendants-appellees herein.

On May 9, 1994, all defendants-appellees filed motions to dismiss the counts pled against them in appellant's complaint. On June 15, 1994, appellant amended his complaint. In his six-count amended complaint, appellant alleged that (1) defendants Coopers & Lybrand and Easton discharged him in violation of the Whistleblower Protection Act, (2) defendants BP and Fritz violated the Whistleblower Protection Act by conspiring with Coopers & Lybrand to terminate him, (3) the concerted conduct of defendants constituted the tort of wrongful discharge because it violated the public policy of Ohio, (4) defendant Coopers & Lybrand breached the promises and representations made to appellant by the firm, upon which he relied to his detriment, (5) defendants BP, Fritz, and Easton (while acting outside his scope of authority with Coopers & Lybrand) tortiously interfered with appellant's employment relationship with his employer, Coopers & Lybrand, and (6) defendants BP, Fritz, Coopers & Lybrand, and Easton conspired to terminate his employment in violation of public policy, the Whistleblower Act, and his common-law rights. On July 5, 1994, all defendants-appellees filed motions to dismiss the counts pled against them in the amended complaint.

On September 19, 1994, the trial court granted in part appellees' motions to dismiss the complaint by dismissing the claim of conspiracy to deprive appellant of employment, the claim for wrongful discharge arising out of public policy against all appellees, the claim for tortious interference with contract against appellees Coopers & Lybrand and Easton, and the promissory estoppel claim against BP. On October 24, 1994, BP brought a counterclaim against appellant for breach of contract and breach of confidentiality agreements. On December 12, 1994, appellant moved the trial court to reconsider its decision on the claim of wrongful discharge in violation of public policy and the claim of tortious interfer-

ence with employment relationship in light of the Supreme Court's recent decision in *Painter v. Graley* (1994), 70 Ohio St.3d 377, 639 N.E.2d 51. On March 2, 1995, the trial court overruled appellant's motion for reconsideration, found its partial dismissal to have been correct, and reaffirmed it.

Following a period of discovery, appellee Coopers & Lybrand and appellees BP and Fritz moved for summary judgment on the claims remaining against them. On May 2, 1995, the trial court granted appellees' motions for summary judgment on the whistleblower allegations in appellant's complaint, granted the summary judgment motion of Coopers & Lybrand on the promissory estoppel count in appellant's complaint, and granted summary judgment in favor of appellees BP and Fritz on appellant's claim of tortious interference with contract. The court denied summary judgment to appellee BP on its counterclaim for breach of the confidentiality agreements. On December 6, 1995, appellant moved the court to reconsider its decision granting the summary judgment motions in favor of appellees. On January 3, 1996, the court granted the motion to reconsider and, upon reconsideration, found that summary judgment was properly granted in favor of appellees. On January 9, 1996, BP dismissed its counterclaims against appellant without prejudice.

On February 2, 1996, appellant brought an appeal to this court *Davidson v. BP Am., Inc.*, Cuyahoga App. No. 70170, unreported, in which he advanced five assignments of error for our review. On September 12, 1996, this court, finding that the trial court's order from which appellant brought his appeal was not a final, appealable order over which this court could assert jurisdiction, remanded the matter to the lower court for an explicit resolution and journalization of appellant's unresolved whistleblower claim against appellee John Easton. On remand, appellee Easton moved the court for summary judgment on appellant's whistleblower claim against him, which appellant opposed. On November 25, 1996, the trial court granted appellee Easton's motion for summary judgment. Appellant appealed that decision on December 23, 1996, *Davidson v. BP Am., Inc.*, Cuyahoga App. No. 71812, unreported. On January 27, 1997, this court ordered the consolidation of appeals Nos. 70170 and 71812 for record, hearing, and disposition.

In this consolidated appeal, appellant presents six assignments of error for our review. In the first two assigned errors, appellant challenges the lower court's grant of appellees' motions to dismiss his claims for wrongful discharge in violation of public policy and his claims for civil conspiracy. In his remaining assigned errors, appellant challenges the lower court's grant of summary judgment in favor of appellees on his claims of tortious interference with employment contract, promissory estoppel, and violation of the Ohio Whistleblower Protection Act, R.C. 4113.52.

II

In ruling on a motion pursuant to Civ.R. 12(B)(6), a court must, as a matter of law, accept all the allegations in the complaint as true. *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 613 N.E.2d 199. To grant such a motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. A reviewing court must independently review the complaint to determine whether dismissal is appropriate, as Civ.R. 12(B)(6) rulings are based on conclusions of law rather than findings of fact. *State ex rel Drake v. Athens Cty. Bd. of Elections* (1988), 39 Ohio St.3d 40, 528 N.E.2d 1253. Considering the foregoing, we review appellant's first and second assigned errors.

### ASSIGNMENT OF ERROR NO. I

"The trial court erred when it dismissed Davidson's tort claim for wrongful discharge in violation of public policy."

In his first assigned error, appellant complains that the trial court erred when it dismissed his claim for wrongful discharge in violation of public policy. Specifically, appellant challenges the court's September 19, 1994, order on two bases. Appellant contends, first, that the authority upon which the court relied in dismissing the claim, *Tulloh v. Goodyear Atomic Corp.* (1992), 62 Ohio St.3d 541, 584 N.E.2d 729, was expressly overruled by the Ohio Supreme Court in *Painter v. Graley* (1994), 70 Ohio St.3d 377, 639 N.E.2d 51, and that he, consequently, may maintain his claim for wrongful discharge in violation of sufficiently clear public policy and, second, that both appellees BP and Fritz may be liable for the tort of wrongful discharge in violation of public policy under the common-law rules of joint and several liability. Appellant further asserts that upon its reconsideration, the trial court misapplied subsequent precedent and refused to vacate its order.

Appellant argues that since the Supreme Court held in *Painter v. Graley, supra*, that a public policy tort action for wrongful discharge may arise from multiple sources of public policy and since his discharge violated no less than a dozen separate public policy sources, he may maintain his tort action against Coopers & Lybrand and Easton. Further, appellant asserts that BP and Fritz may be liable for his wrongful discharge as contributing tortfeasors even though they were not appellant's employer. We do not agree.

In Ohio, historically, there was no public policy claim for retaliatory discharge before enactment of the Whistleblower Act. *Phung v. Waste Mgt., Inc.* (1986), 23 Ohio St.3d 100, 23 OBR 260, 491 N.E.2d 1114. Consequently, the Whistleblower

Act, R.C. 4113.52, created a new cause of action. A number of cases have held that the statute set forth the exclusive remedies for whistleblowers and that R.C. 4113.52 preempts any possible common-law remedies for retaliatory discharges based upon whistleblowing. *Bear v. Geetronics, Inc.* (1992), 83 Ohio App.3d 163, 168–169, 614 N.E.2d 803, 806–807; *Rayel v. Wackenhut Corp.* (June 8, 1995), Cuyahoga App. No. 67459, unreported, 1995 WL 350077. However, in *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 677 N.E.2d 308, our Supreme Court recently held that R.C. 4113.52 does not preempt a common-law cause of action against an employer who discharges or disciplines an employee in violation of that statute and further found that an at-will employee who is discharged or disciplined in violation of R.C. 4113.52 may maintain a statutory cause of action for the violation, a common-law cause of action in tort, or both, but is not entitled to double recovery. *Id.,* paragraphs two and five of the syllabus.

As the basis for his public policy claims, appellant relies on the public policy to enforce criminal laws, the public policy in favor of the tax code, the public policy to encourage reports of criminal conduct, the public policy against discharging employees who insist on compliance with the law, and the public policy against discharging employees in order to prevent disclosure of unlawful conduct as the basis for his claim. Succinctly, appellant claims that he was discharged for attempting to report the criminal conduct of unlawful tax improprieties and that, in Ohio, there is public policy against discharging him for attempting to do so. A clear expression of these public policies upon which appellant relies is manifest in the scope of the Whistleblower Act, R.C. 4113.52. The Supreme Court, in *Kulch,* stated, 78 Ohio St.3d at 153, 677 N.E.2d at 322–323:

"However, the public policy embodied in the Whistleblower Statute is limited. By imposing strict and detailed requirements on certain whistleblowers and restricting the statute's applicability to a narrow set of circumstances, the legislature clearly intended to encourage whistleblowing *only to the extent that the employee complies with the dictates of R.C. 4113.52.* As we held in *Contreras, supra,* 73 Ohio St.3d 244, 652 N.E.2d 940, syllabus: 'In order for an employee to be afforded protection as a "whistleblower," such employee must strictly comply with the dictates of R.C. 4113.52. Failure to do so prevents the employee from claiming the protections embodied in the statute.' " (Emphasis *sic.*)

Consequently, appellant, here, is limited to bringing his claim for tortious wrongful discharge in violation of public policy pursuant to the requirements of the Whistleblower Act. "The obvious implication of *Contreras* is that an employee who fails to strictly comply with the requirements of R.C. 4113.52 cannot base a *Greeley* claim solely upon the public policy embodied in that statute." *Kulch, supra,* 78 Ohio st.3d at 153, 677 N.E.2d at 323.

As we discuss more fully when we address appellant's third assigned error in appeal No. 70170 and sole assigned error in appeal No. 71812, the record before us reveals that appellant has failed to strictly comply with the statutory requirements of R.C. 4113.52. Appellant failed to bring his claim within one hundred and eighty days as required by the statute. Further, the record reflects that appellant failed to make a sufficiently detailed written report to his employer to identify the violations claimed. Consequently, consistent with the Supreme Court's determination in *Contreras v. Ferro Corp.* (1995), 73 Ohio St.3d 244, 652 N.E.2d 940, syllabus, the public policies embedded in R.C. 4113.52 will not support appellant's claim of wrongful discharge in violation of public policy of where appellant has failed to strictly comply with the statute. Accordingly, the trial court properly dismissed the claim for wrongful discharge in violation of public policy as to appellees Coopers & Lybrand and Easton.

In addition, where, as here, we do not recognize appellant's claim for the common-law tort of wrongful discharge in violation of public policy, we cannot recognize the concept of joint tortfeasors. Accordingly, the trial court properly dismissed the claim for wrongful discharge in violation of public policy as to the nonemployer appellees, BP and Fritz.

We find appellant's first assignment of error not well taken, and it is hereby overruled.

## ASSIGNMENT OF ERROR NO. II

"The trial court erred when it dismissed Davidson's tort claim for civil conspiracy."

In his second assigned error, appellant claims that the trial court erred when it dismissed his claim against appellees for civil conspiracy. In this claim, appellant alleged that appellees had conspired to terminate his employment in violation of the Whistleblower Act and in violation of public policy. Appellant contends that the trial court erred when it determined that Ohio does not recognize a claim for civil conspiracy. In support of his position, appellant relies on *Minarik v. Nagy* (1963), 8 Ohio App.2d 194, 26 O.O.2d 359, 193 N.E.2d 280, in which the court recognized that a claim for conspiracy exists as a means and measure of redress for the party wronged to look beyond the actual participants in committing the injury and join with them as defendants all who conspired to accomplish it. The *Minarik* court further clarified the civil conspiracy claim by stating that "damage caused by acts committed pursuant to the conspiracy, rather than the conspiracy itself, is the gist of the action." *Id.* at paragraph one of the syllabus.

■ A claim for civil conspiracy in Ohio embodies four elements. These elements are a malicious combination, of two or more persons, resulting in injury to person or property, and the existence of an unlawful act independent of the actual conspiracy. *Universal Coach, Inc. v. New York City Transit Auth. Inc.* (1993), 90 Ohio App.3d 284, 292, 629 N.E.2d 28, 33–34; *Gen. Motors Acceptance Corp. v. Hern Oldsmobile–GMC Truck, Inc.* (Sept. 7, 1995), Cuyahoga App. No. 67921, unreported, 1995 WL 527593.

In the matter before us, we find that appellant has failed to demonstrate a cognizable claim that would underlie a conspiracy claim. The record reflects that appellant has failed to strictly comply with the requirements of the Whistleblower Act, R.C. 4113.52, and is, therefore, precluded from bring his claim pursuant to the Whistleblower Act. Consequently, where appellant will be unable to prevail on his claim for damage pursuant to the Whistleblower Act, no conspiracy claim may lie against appellees on that ground. Further, the wrongful discharge claims as a violation of public policy as alleged in Count III may not be brought where, as here, the public policies relied upon by appellant are embodied in R.C. 4113.52 and appellant has failed to comply with the dictates of the statute. Consequently, appellant will be unable to prevail on his claim for damage pursuant to the charge that he was discharged in violation of public policy.

Appellees are entitled to judgment as a matter of law on the claims appellant has brought against them; consequently, appellant can demonstrate no damage or injury from these claims. Accordingly, where, as here, appellant can demonstrate no set of facts that would entitle him to recovery on his claim for conspiracy against appellees, the trial court properly dismissed appellant's claim for civil conspiracy. *Stiles v. Chrysler Motors Corp.* (1993), 89 Ohio App.3d 256, 624 N.E.2d 238. We find appellant's second assignment of error not well taken, and it is hereby overruled.

### III

In the following four assigned errors, appellant complains that the trial court erred in granting summary judgment to appellees.

■ This court reviews the lower court's grant of summary judgment *de novo*. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157–1158 ("We will review the judgment independently and without deference to the trial court's determination."). An appellate court applies the same test as does a trial court, which test is set forth in Civ.R. 56(C). Civ.R. 56(C) specifically provides that before summary judgment may be granted, the following must be determined:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Moreover, it is well settled that a party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 278; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–140.

With these standards in mind, we review appellant's remaining assignments of errors. Assignment of Error No. III from appeal No. 70170 and appellant's sole assignment of error from appeal No. 71812, having a common basis in law and fact, will be reviewed together.

## ASSIGNMENT OF ERROR NO. III

"The trial court erred when it granted defendants' motions for summary judgment as to Davidson's claim for violation of Ohio's Whistleblower's Protection Act, Ohio Revised Code 4113.52."

## ASSIGNMENT OF ERROR [1]

"The trial court erred when it granted defendant–appellee John Easton's motion for summary judgment as to plaintiff–appellant's claim for violation of Ohio's Whistleblower's Protection Act, Ohio Revised Code Section 4113.52."

In his third assigned error, appellant challenges the trial court's grant of summary judgment in favor of appellee Coopers & Lybrand on his claim for violation of the Ohio Whistleblower Protection Act, R.C. 4113.52. In his remaining assigned error, appellant challenges the grant of summary judgment on this same claim as to appellee John Easton. Specifically, appellant challenges the decision of the trial court that found that his claim fails because he did not meet the requirements of the Act. The trial court found that the written reports relied upon by appellant to satisfy the statutory requirements were (1) not written, (2) not sufficiently detailed to show violation of local state or federal law, and (3)

---

1. Appellant's sole assignment of error from appeal No. 71812.

dated prior to November 1992, when appellant commenced his employment with Coopers & Lybrand. The court further found that appellant commenced his action outside the statutory time limit required by the statute and that the only evidence appellant offered to establish the retaliatory dismissal was his own deposition testimony. In its opinion, in which the court granted summary judgment in favor of appellee Easton, the trial court determined that (1) Easton was not an employer within the meaning of the Act, (2) appellant could not invoke the protection of the Act because he threatened to disclose confidential information in violation of both state and federal law, (3) appellant failed to provide a written report to Coopers & Lybrand as required by the statute, (4) the reports upon which appellant relied were insufficient to identify and describe the improprieties adequately so that corrective action could be taken if necessary, and (5) appellee Easton, a partner in the firm of Coopers & Lybrand, lacked the authority as required by the statute to correct alleged improprieties committed by another entity, BP.

R.C. 4113.52 provides:

"(A)(1)(a) If an employee becomes aware in the course of his employment of a *violation of any state or federal statute* or any ordinance or regulation of a political subdivision *that his employer has authority to correct,* and *the employee reasonably believes that the violation* either is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety or *is a felony,* the employee orally shall notify his supervisor or other responsible officer of his employer of the violation and *subsequently shall file with that supervisor or officer a written report that provides sufficient detail to identify and describe the violation.*

"* * *

"(D) If an employer takes any disciplinary or retaliatory action against an employee as a result of the employee's having filed a report under division (A) of this section, the employee may bring a civil action for appropriate injunctive relief or for the remedies set forth in division (E) of this section, or both, *within one hundred eighty days after the date the disciplinary or retaliatory action was taken,* in a court of common pleas in accordance with the rules of civil procedure." (Emphasis added.)

 Strict compliance with the statute is required for an employee to be afforded the protection of the Act. Our Supreme Court has determined that "[i]n order for an employee to be afforded protection as a whistleblower, such employee must strictly comply with the dictates of R.C. 4113.52. Failure to do so prevents the employee from claiming the protections embodied in the statute." *Contreras v. Ferro Corp.* (1995), 73 Ohio St.3d 244, 652 N.E.2d 940, syllabus.

The record before us reveals that appellant failed to strictly comply with the requirements of the statute, the protection of which he now seeks. Appellant, in his complaint, states that he was terminated by Coopers & Lybrand on June 16, 1993. Appellant instituted his civil action on March 10, 1994. The civil action was commenced outside the statutory limit of one hundred eighty days and, consequently, the whistleblower claims must fail in their entirety as a matter of law. Further, having reviewed the evidence most favorably to appellant here, as we are required to do, we find that appellant has failed to comply with the mandatory requirements of the statute. The trial court properly found that the written reports upon which appellant relied were not given to appellant's employer as required by the statute, the reports were not sufficiently detailed to identify and describe the violation alleged, and the reports were not given to an employer who had the authority to correct the alleged violations.

Consequently, appellees are entitled to judgment as a matter of law on appellant's statutory whistleblower claims against them. Appellant's third assignment of error from appeal No. 70170 and sole assignment of error from appeal No. 71812 are not well taken and are hereby overruled.

## ASSIGNMENT OF ERROR NO. IV

"The trial court erred when it granted summary judgment as to Davidson's claim against BP for tortious interference with employment contract."

In his fourth assigned error, appellant claims that the trial court erred when it granted summary judgment in favor of appellee BP on his claim of tortious interference with employment contract. Specifically, appellant contends that he offered sufficient evidence to demonstrate a material issue of fact in dispute and to support a reasonable inference of tortious interference with employment contract to survive appellee's motion for summary judgment. Appellant contends that the trial court's opinion of April 25, 1995, wherein the court granted summary judgment in favor of BP, concluding that appellant's version of the facts "calls for complete conjecture on the part of the Court," indicates that the trial court impermissibly weighed the evidence before it. We do not agree.

The basic principle of an action for interference with a business relationship is that one who, without privilege to do so, induces or otherwise causes a third party not to enter into, or continue, a business relationship with another, or to perform a contract with another, is liable to the other for the harm caused thereby. *Juhasz v. Quik Shops, Inc.* (1977), 55 Ohio App.2d 51, 9 O.O.3d 216, 379 N.E.2d 235.

In *Dresher v. Burt, supra,* 75 Ohio St.3d at 293, 662 N.E.2d at 274, the Supreme Court held:

"A party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the nonmoving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." (Emphasis *sic.*)

The record reflects that discussions were held between BP personnel and appellant's employer, Coopers & Lybrand, as a result of appellant's indication that he would report BP's tax improprieties to the IRS. However, BP supported its motion for summary judgment with evidence of the type listed in Civ.R. 56(C). BP personnel specifically denied by affidavit, by response to admissions, and by deposition testimony any involvement in appellant's termination, which occurred five months later. Appellant failed to produce evidence of collusive behavior of BP to rebut BP's denial of interference with his relationship with his employer as required by Civ.R. 56(E). Consequently, there is no material fact in dispute on the issue of BP's interference with appellant's employment relationship with Coopers & Lybrand, and the trial court properly entered summary judgment in favor of BP on appellant's claim. Accordingly, we find that appellant's fourth assignment of error is not well taken and is overruled.

### ASSIGNMENT OF ERROR NO. V

"The trial court erred when it granted Cooper & Lybrand's motion for summary judgment as to Davidson's claim for promissory estoppel."

 Appellant, in his fifth assigned error, contends that the trial court erred when it granted the motion for summary judgment on his claim for promissory

estoppel in favor of appellee Coopers & Lybrand. Specifically, appellant contends that he produced evidence to support a prima facie claim of promissory estoppel, that appellee Coopers & Lybrand failed to produce Civ.R. 56(C) evidence as required by *Dresher v. Burt, supra,* and, finally, that the trial court inappropriately weighed the evidence when it made the factual conclusion in its opinion that "no other promises were made." We do not agree.

The record reflects that appellant had no written contract of employment and was an at-will employee of Coopers & Lybrand. Employment for an indefinite period of time is presumed to be employment at will. *Henkel v. Educational Research Council of Am.* (1976), 45 Ohio St.2d 249, 251, 74 O.O.2d 415, 416, 344 N.E.2d 118, 119–120. Pursuant to the doctrine of at-will employment, either party may terminate the employment relationship for any reason not contrary to law. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150. However, a wrongful discharge claim may be made where a demonstration of detrimental reliance on specific promises of job security can create an exception to employment at will. *Mers, supra,* at paragraph three of the syllabus; *Helmick v. Cincinnati Word Processing, Inc.* (1989), 45 Ohio St.3d 131, 543 N.E.2d 1212.

A review of the record and the evidence submitted in the matter *sub judice* reveals that Coopers & Lybrand supported its motion with evidence of the type listed in Civ.R. 56(C); however, appellant has not put forth evidence showing that Coopers & Lybrand or Easton ever made specific promises of job security to him. Appellant offers as evidence of his claim a statement made by Coopers & Lybrand indicating that it "would provide a middle market client base." Appellant contends that such statements created a reasonable inference of a "promise" by Coopers & Lybrand upon which he relied to his detriment, refusing a job offer from a different CPA firm, resulting in the damage of lost earning potential because salaries of accountants in the corporate sector are less than those in major CPA firms. Such conclusory statements made by appellant are insufficient to create a genuine issue of fact and do not satisfy appellant's burden to respond to appellees' summary judgment motions with evidence. *Wing, supra.*

In light of the foregoing, we hold that where we view the evidence in its totality, construe it most strongly in favor of appellant, and determine whether or not specific promises were made on which there was detrimental reliance that caused the damages as claimed, reasonable minds could not conclude that the employer in this case committed itself to a policy other than employment at will. The evidence presents no genuine issue of fact, and, consequently, we find that the trial court properly granted summary judgment in favor of appellee Coopers

# 658

& Lybrand on appellant's wrongful discharge claim based upon promissory estoppel. Accordingly, appellant's fifth assignment of error is not well taken and is overruled.

*Judgment affirmed.*

PATTON, P.J., and SPELLACY, J., concur.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, sitting by assignment.