**Richard S. HADY, Plaintiff,**

v.

**HUNT–WESSON, INC., Defendant.**

**No. 3:98CV7684.**

United States District Court,
N.D. Ohio,
Western Division.

July 12, 1999.

Guy Saglioccolo, Toledo, OH, for Plaintiff.

Stephen J. Stanford, James B. Yates, Fuller & Henry, Toledo, OH, for Defendant.

## ORDER

CARR, District Judge.

This is an employment discrimination case in which plaintiff Richard Hady alleges that defendant Hunt–Wesson discriminated against him in violation of 42 U.S.C. §§ 1981, 2000(e)–2(a)(1) (Count I) and wrongfully fired him in violation of Ohio Rev.Code § 4113.52 and Ohio public policy (Count II). This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367. Pending is defendant's motion for judgment on Count II of the pleadings (Doc. 19). For the following reasons, defendant's motion shall be granted.

### Background

Plaintiff Richard Hady was employed by defendant Hunt–Wesson for just over 15 years. (Doc. 14 at 4). In his position as Production Supervisor, he claims to have observed violations of Food & Drug Administration (FDA) regulations. (*Id.* at 19).

Mr. Hady believed these incidents created a risk of harm to the public, so he reported them, verbally and in writing, to his supervisors, including Plant Manager Don Folmer. (*Id.* at 20–21, 24). Although Mr. Folmer had the authority to correct the problems, he allegedly refused to do so, and expressly instructed Mr. Hady to "make it disappear." (*Id.* at 23).

Plaintiff claims that after similar incidents recurred without corrective action by plant officials, he became increasingly concerned and decided to file a written complaint with the FDA (*Id.* at 25). Before he could do so, Hunt–Wesson learned of his impending complaint, and based on that prospect and his prior reports, fired him on September 18, 1997. (*Id.* at 26–27).

### Discussion

■ Defendant moves for judgment on the pleadings[1] as to the statutory and public policy claims in Count II of the complaint. A motion for judgment on the pleadings is appropriate when, as here, the statute of limitations is alleged to bar the plaintiff's claim. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994).

■ The standard for a Fed.R.Civ.P. 12(b)(6) motion to dismiss is applicable to a motion for judgment on the pleadings. *Galaxie Corp. v. Bank of America, N.A.*, No. 97–1759, 1998 WL 681221, at *1 (6th Cir. Sept.15, 1998) (per curiam) (unpublished opinion); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n. 1 (6th Cir.1988). Therefore, the court considers only matters presented in the pleadings and must view facts in the light most favorable to the nonmoving party. *Galaxie Corp.*, 1998 WL 681221, at *1; *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976); *Grindstaff v. Green*, 946 F.Supp. 540, 543 (E.D.Tenn.1996). A court will render judgment on the pleadings only if it appears beyond doubt that plaintiff can prove no set of facts to support the claim for relief. *Ketron v. Chattanooga–Hamilton County Hosp. Auth.*, 919 F.Supp. 280 (E.D.Tenn.1996).

---

1. Fed.R.Civ.P. 12(c).

■ Because Count II invokes the protection of both an Ohio statute and the public policy of Ohio, I must apply the substantive law of Ohio in deciding whether judgment on the pleadings is appropriate. *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If I find no decision from Ohio's highest court to guide me, I must apply what I find to be the state law after giving proper regard to the relevant rulings of Ohio's lower state courts. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); *Borden, Inc. v. Affiliated FM Insurance Co.,* 682 F.Supp. 927 (S.D.Ohio 1987); *Miami Paper Corp. v. Magnetics, Inc.,* 591 F.Supp. 52 (S.D.Ohio 1984); *Gross v. Kenton Structural & Ornamental Ironworks, Inc.,* 581 F.Supp. 390 (S.D.Ohio 1984). Lower state court decisions "are not binding on federal courts seeking to decide an issue of state law if the federal court is convinced that the highest state court would decide otherwise." *Evans v. Celeste,* 716 F.Supp. 1047, 1049 (S.D.Ohio 1989). *See Estate of Bosch, supra,* 387 U.S. at 465, 87 S.Ct. 1776.

### A. Plaintiff's Statutory Claim

Section 4113.52 of the Ohio Revised Code, sometimes colloquially styled the Ohio Whistleblower Act, protects employees from employer-generated disciplinary or retaliatory action if they complain about violations of the law by the employer or other employees. The statute offers five primary remedies [2] to plaintiffs who "bring a civil action ... within one hundred eighty days after the date the disciplinary or retaliatory action was taken." Ohio Rev.Code § 4113.52(D).

Plaintiff admits that he worked for defendant until September 18, 1997. (Doc. 14 at 4, 11). His complaint was not filed in the Wood County Court of Common Pleas until October 14, 1998, three hundred ninety-one days later. He states a claim for statutory relief in his complaint by alleging that "[d]efendant's conduct is ... in violation of R.C. 4113.52." (Doc. 14 at 30).

Under the plain language of the statute, plaintiff's statutory claim for relief under § 4113.52 is barred because it was not brought within the statute's limitations period. Therefore, defendant's motion for judgment on the pleadings as to plaintiff's statutory claim for relief shall be granted.

### B. Plaintiff's Public Policy Claim

■ Plaintiff also requests relief under the tort of wrongful termination in violation of the public policy of Ohio as expressed in § 4113.52. (Doc. 14 at 29–30). There is no doubt that such tort exists: in *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228, 551 N.E.2d 981 (1990), the Ohio Supreme Court created an exception to employment-at-will by allowing a suit for wrongful discharge in violation of public policy if that policy is expressed in a statute. Since that decision, the wrongful discharge tort has evolved and been refined. In *Painter v. Graley,* 70 Ohio St.3d 377, 639 N.E.2d 51 (1994), the underlying sources of public policy available to a wrongful discharge plaintiff were expanded to include the state and federal constitutions, administrative rules and regulations, and the common law. In *Contreras v. Ferro Corp.,* 73 Ohio St.3d 244, 652 N.E.2d 940 (1995), the supreme court disallowed a claim by an employee who relied on the public policy stated in § 4113.52 but failed to comply strictly with the requirements of that section. Two years later, *Kulch v. Structural Fibers, Inc.,* 78 Ohio St.3d 134, 677 N.E.2d 308 (1997), confirmed the *Contreras* condition of strict compliance with the requirements of § 4113.52, and

---

**2.** The five primary remedies provided by § 4113.52 are 1) injunctive relief; 2) reinstatement at the same or a comparable position and site; 3) back wages; 4) reinstatement of fringe benefits and seniority rights; and 5) any combination # # 2–4. Ohio Rev. Code § 4113.52(D)-(E). A court may also award various costs including attorney's fees, and interest on back pay if it finds the employer deliberately violated § 4113.52(B). Ohio Rev.Code § 4113.52(E).

held that the statutory remedies of § 4113.52 do not preempt the tort because the legislature did not so intend. Most recently, *Livingston v. Hillside Rehabilitation Hosp.*, 79 Ohio St.3d 249, 680 N.E.2d 1220 (1997), expanded the public policy exception to employment-at-will by applying *Kulch* (without elaboration) to validate a public policy claim based on Ohio Rev.Code § 4101.17, Ohio's age discrimination statute.

■ Defendant argues that plaintiff's public policy claim is time-barred, just as his statutory claim is, because the limitations period is one of the "requirements" with which *Kulch* and *Contreras* require a public policy plaintiff to comply strictly. (Doc. 19 at 2–4; Doc. 24 at 5). *See Kulch*, 78 Ohio St.3d at 162, 677 N.E.2d 308 ("[A]n at-will employee who is discharged or disciplined in violation of the public policy embodied in R.C. 4113.52 may maintain a common-law cause of action against the employer pursuant to *Greeley* and its progeny so long as that employee had fully complied with the statute and was subsequently discharged or disciplined."); *Contreras*, 73 Ohio St.3d at 250, 652 N.E.2d 940 ("[F]or an employee to be afforded protection as a 'whistleblower,' such employee must strictly comply with the dictates of R.C. 4113.52. Failure to do so prevents the employee from claiming the protections embodied in the statute.").

Neither *Contreras* nor *Kulch* directly address the issue of whether the limitations period of § 4113.52 is in fact one of the requirements with which a plaintiff must strictly comply in a public policy count based on that section. I agree, however, with two opinions which apply the one-hundred-eighty-day statute of limitations to public policy claims based on § 4113.52. *See Davidson v. BP America, Inc.*, 125 Ohio App.3d 643, 650, 709 N.E.2d 510 (1997); *Griswold v. Fresenius USA, Inc.*, 964 F.Supp. 1166, 1172 (N.D.Ohio 1997).[3]

In *Davidson*, 125 Ohio App.3d at 654, 709 N.E.2d 510, the court said that "[t]he civil action was commenced outside the statutory limit of one hundred eighty days and, consequently, the whistleblower claims must fail in their entirety as a matter of law." The *Davidson* court's findings are similar to those of United States District Judge Katz in *Griswold*, 964 F.Supp. at 1172. Judge Katz opined that

> because the public policy in Ohio on whistleblowing is deemed embodied within the statute [§ 4113.52], an employee seeking relief for wrongful termination based on his whistleblowing activities must comply with the requirements of the Whistleblower Act, whether or not he brings his claim under that Act. Plaintiff does not allege that he complied with the written notice requirements of the Whistleblower Act, nor has he filed his suit within the statutory period for bringing such claims. Accordingly, Defendants' motion to dismiss Count V of Plaintiff's amended complaint is granted.

■ I am unpersuaded by plaintiff's argument that the four-year limitations period found in Ohio Rev.Code § 2305.09(D), "Ohio's residual statute of limitations for unspecified personal injury actions,"[4] should apply to his public policy claim.

---

**3.** Defendant also cites *Underwood v. Myers*, No. 13–98–18, 1998 WL 598423 (Ohio App. Sept. 4, 1998) (unpublished opinion), in support of the application of the one-hundred-eighty-day statute of limitations. In *Underwood*, however, the summary judgment as to the plaintiff's "Whistleblower," public policy count was affirmed on constructive dismissal grounds, not on any noncompliance by the plaintiff with the statute of limitations in § 4113.52. *Underwood*, 1998 WL 598423, at *4. The court's reference to the plaintiff's failure to comply with the limitations period occurs in its discussion of the plaintiff's statutory claims against Mercy Hospital. *Id.* at *6. It is not dictum there, but because it is not related to the public policy count, that reference is inapposite to my evaluation of Hady's public policy claim.

**4.** *Bojac Corp. v. Kutevac*, 64 Ohio App.3d 368, 370, 581 N.E.2d 625 (1990).

*See Leonardi v. Lawrence Industries, Inc.,* No. 72313, 1997 WL 547825, 1997 Ohio App. LEXIS 4014 (Ohio App. Sept. 4, 1997) (unpublished opinion). In *Leonardi,* the plaintiff claimed she had been fired because of her age in violation of Ohio's age discrimination statute, § 4112.14. She filed both a statutory claim and a public policy claim, but the basis of the public policy claim was not clearly stated in the opinion. There were at least two statutory sources of a public policy against discrimination in employment because of age, §§ 4112.02(A) and 4112.14, *Leonardi,* 1997 WL 547825, 1997 Ohio App. LEXIS 4014, at *8, each with its own, different statute of limitations. The court ignored both statutory limitations periods, however, and relied on *Painter v. Graley,* 84 Ohio App.3d 65, 616 N.E.2d 285, (1992), *aff'd,* 70 Ohio St.3d 377, 639 N.E.2d 51 (1994), to support the proposition that the four-year statute of limitations found in § 2305.09(D) applies to actions for tortious wrongful discharge. *Leonardi,* 1997 WL 547825, 1997 Ohio App. LEXIS 4014, at *10. *See Painter,* 84 Ohio App.3d at 73, 616 N.E.2d 285.

The appellate court in *Painter* applied the residual statute of limitations for unclassified personal injury actions to a claim for wrongful discharge in violation of a public policy found in the Ohio Constitution. *Painter,* 84 Ohio App.3d at 73, 616 N.E.2d 285. I believe *Painter* applied the residual statute of limitations because no more specific statute of limitations suggested itself, and not because the four-year statute of limitations in § 2305.09(D) applies to all actions for tortious wrongful discharge. Here plaintiff relies specifically and unequivocally on § 4113.52 alone. I therefore find *Painter* to be distinguishable and follow the approach of *Davidson* and *Griswold* in adopting the one-hundred-eighty-day statute of limitations found in § 4113.52. Defendant's motion for judgment on the pleadings as to plaintiff's public policy claim shall be granted.

## Conclusion

Accordingly, it is hereby

**ORDERED THAT**

Defendant's amended motion for judgment on the pleadings (Doc. 19) shall be, and hereby is granted.

**So ordered.**