DECISION
On February 8, 1999, the plaintiff-appellant, Larry Pytlinski, filed a complaint alleging that he had been discharged from his employment by the defendants-appellees, Brocar Products, Inc., and John Helmsderfer, its president and owner, in retaliation for beliefs expressed in a memorandum stating that violations of standards established by the Occupational Safety and Health Administration (OSHA) had been occurring in the workplace.
Pytlinski's employment had begun on March 24, 1997, and his memorandum to Helmsderfer, dated February 5, 1998, centered upon the use of what Pytlinski described as "toxic paints and chemicals," especially from spray painters, which adversely affected his and others' health. Those conditions had prompted him to make complaints directly to OSHA expressing his employer's lack of concern for the health and safety of the company's employees. On February 6, 1998, Pytlinski's employment was terminated.
In his complaint, Pytlinski specified that a public policy exists in the state of Ohio that prohibits the termination of employees because they have complained about certain violations of the law, including OSHA violations.[1] The complaint also alleged that allowing Pytlinski's discharge would place Ohio's public policy in jeopardy,[2] and that, in terminating Pytlinski's employment, Brocar and Helmsderfer had violated that public policy.
Brocar and Helmsderfer answered the complaint, and on October 19, 1999, they filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on the ground that the complaint failed to state a claim upon which relief could be granted. The memorandum in support of their motion advanced the thesis that Pytlinski's claim was barred by the Ohio statute of limitations governing a wrongful-discharge claim based on public policy, one that they argued to be one hundred eighty days. Pytlinski's response was that his complaint did not allege a violation of R.C. 4113.52, viz., the "Whistleblower Statute," and that therefore, the applicable statute of limitations was the four-year period established by R.C. 2305.09(D).
The court entertained oral argument on the motion on November 30, 1999, and granted it on December 9, 1999, in an order dismissing the complaint with prejudice. Pytlinski filed his appeal from that order on January 10, 2000, and his singular assignment of error that the court erred in making its order is premised on the following argument:
 In an action for wrongful discharge predicated on a violation of Ohio Public Policy and not R.C. 4113.52, it is contrary to law to enter a judgment in favor of the defendants on the basis that the plaintiff has failed to institute his action within 180 days of the date of discharge.
 Pytlinski acknowledges that his complaint was filed a year and two days after the date of his discharge. To substantiate his premise, he cites a decision of the Court of Appeals for Cuyahoga County, Painter v. Graley (1992), 84 Ohio App.3d 65, 616 N.E.2d 285, which holds that the applicable statute of limitations for tortious wrongful-discharge actions is found in R.C. 2305.09(D), a general or residual statute for personal-injury actions. That limitations period is four years.
In Painter, the chief deputy clerk of a municipal court was terminated after she became a candidate for elected public office. Ultimately, she brought an action against her superior for tortious wrongful discharge. The trial court granted summary judgment in her favor, but that judgment was reversed by the court of appeals.[3] When the Supreme Court of Ohio ultimately reviewed the case, the question of which statute of limitations prevails in tortious wrongful-discharge actions was not addressed in any of the syllabus paragraphs or in the body of the opinion.Painter v. Graley (1994), 70 Ohio St.3d 377, 639 N.E.2d 51
(affirming the appellate court's judgment on other grounds).
The core of the appellate court's holding in Painter is this:
 [Constitutional provisions dealing with free speech, equal protection, and privileges and immunities do not] articulate sufficient public policy to justify a cause of action for tortious wrongful discharge of an unclassified civil service employee of the city of Cleveland who was discharged for running for political office.
 Painter v. Graley, 84 Ohio App.3d at 73, 616 N.E.2d at 290-91.
 Whatever may be the import of the subsequent reference by the court of appeals to the four-year statute of limitations established by R.C. 2305.09(D), we are not persuaded that the appellate decision in Painter is applicable to the case at bar. Instead, we are convinced that the ratio decidendi set forth in Davidson v. BP America, Inc. (1997), 125 Ohio App.3d 643, 709 N.E.2d 510, provides the law that resolves the issues sub judice.
In Davidson, a former employee sued an accounting firm, one of the firm's partners, and others, asserting claims for a violation of R.C. 4113.52 and, inter alia, wrongful discharge in violation of public policy. The trial court dismissed some of the claims and granted motions for summary judgment on the "whistleblower" allegations in the complaint.
Justice Robert E. Holmes, retired, of the Supreme Court of Ohio, sitting by assignment to the Court of Appeals for Cuyahoga County, wrote for a unanimous panel. He began his analysis of the issues pertaining to the claim for damages for retaliatory discharge with a reference to Kulch v. Structural Fibers, Inc.
(1997), 78 Ohio St.3d 134, 677 N.E.2d 308:
 [I]n Kulch * * *, our Supreme Court recently held that R.C. 4113.52 does not preempt a common-law cause of action against an employer who discharges or disciplines an employee in violation of that statute and further found that an at-will employee who is discharged or disciplined in violation of R.C. 4113.52 may maintain a statutory cause of action for the violation, a common-law cause of action in tort, or both, but is not entitled to double recovery. Id., paragraphs two and five of the syllabus.
 Davidson, supra, at 650, 709 N.E.2d at 514.
 That introduction was followed by this quotation from the opinion of Justice Andrew Douglas in Kulch:
 However, the public policy embodied in the Whistleblower Statute is limited. By imposing strict and detailed requirements on certain whistleblowers and restricting the statute's applicability to a narrow set of circumstances, the legislature clearly intended to encourage whistleblowing only to the extent that the employee complies with the dictates of R.C. 4113.52. As we held in Contreras [v. Ferro Corp. (1995)], 73 Ohio St.3d 244, 652 N.E.2d 940, syllabus: "In order for an employee to be afforded protection as a `whistleblower,' such employee must strictly comply with the dictates of R.C. 4113.52. Failure to do so prevents the employee from claiming the protections embodied in the statute." (Emphasis sic.)
 Consequently, appellant, here, is limited to bringing his claim for tortious wrongful discharge in violation of public policy pursuant to the requirements of the Whistleblower Act. "The obvious implication of Contreras
is that an employee who fails to strictly comply with the requirements of R.C. 4113.52 cannot base a Greeley claim solely upon the public policy embodied in that statute." Kulch, supra, 78 Ohio St.3d at 153, 677 N.E.2d at 323.
 Davidson, supra, at 650, 709 N.E.2d at 514-515.
 The fundamental question before us now, viz., the statutory limit within which a claim for relief under the tort of wrongful termination in violation of the public policy expressed in R.C. 4113.52 must be brought, was considered in Hady v. Hunt-Wesson, Inc. (N.D.Ohio. 1999), 63 F. Supp.2d 830. The district court had before it an employment discrimination case in which it was alleged that an employer had wrongfully discharged an employee in violation of Section 1981, Title 42, U.S. Code, and in violation of R.C. 4113.52 and Ohio public policy. In its decision, the court relied upon the syllabus of Contreras v. Ferro Corp., supra, and upon Justice Douglas's statement in Kulch, supra, at 142, 677 N.E.2d at 315, that "[w]e continue to believe that our discussion in Contreras
concerning the specific procedural reporting requirements of R.C. 4113.52(A)(1)(a) comports with the express terms of the Whistleblower Statute."
Ultimately, it was held in Hady, supra, at 832-834, that the one-hundred-eighty-day statute of limitations found in R.C.4113.52 applied, and that where the statutory claim was time-barred, the public-policy claim based on statutory violations was also time-barred, and the residual statute of limitations for unclassified personal-injury actions (referred to in Painter,supra) did not apply.
We reach the conclusion that where, as here, the clear purport of a complaint for damages for wrongful discharge from employment is that the discharge was retaliatory and violative of public policy in Ohio, and the claim is not brought within the one-hundred-eighty-day period of limitation expressed in R.C.4113.52, a court does not err in granting a motion to dismiss that complaint as being time-barred. Strict compliance with the statute is mandatory.
Resultantly, the assignment of error and its precept are not well taken, and, for the reasons given, the judgment of the Hamilton County Court of Common Pleas is affirmed.
Painter, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Subparagraph 8 of the complaint.
[2] Subparagraph 9 of the complaint.
[3] A motion to certify the record to the Supreme Court of Ohio was initially overruled. Painter v. Graley (1993), 66 Ohio St.3d 1485,612 N.E.2d 1241. But a motion for rehearing was later granted and the motion to certify was allowed. Painter v. Graley
(1993), 67 Ohio St.3d 1420, 616 N.E.2d 504.