DECISION AND JUDGMENT ENTRY
This is an appeal from a September 30, 1999 judgment entry of the Lucas County Court of Common Pleas in which the court granted a motion to dismiss filed by appellee, Winston Bey, Sr., and ruled that a motion filed by appellant, Fred R. Hollinghead, to amend his complaint was moot. Appellant has presented the following assignments of error for review:
 "I The trial court erred in granting Appellee's Motion to Dismiss because the period of time provided for Appellant to respond had not expired and Appellant had not filed or served his response to said motion. [Opinion and Judgment Entry 9/30/99]
 "II The trial court erred in granting Appellee's Motion to Dismiss because it was untimely filed pursuant to Civil Rule 12(C). [Opinion and Judgment Entry]
 "III The trial court erred in granting Appellee's Motion for Leave to File Amended Answer when Appellee filed said motion at a time subsequent to the court ordered motion cutoff deadline. [Order 9/13/99]
 "IV The trial court erred in granting Appellee's Motion for Leave to File Amended Answer because Appellee's filing of said motion was unduly delayed. [Order 9/13/99]
 "V The trial court erred in granting Appellee's Motion for Leave to File Amended Answer because Appellant was unduly pre-judiced thereby. [Order 9/13/99]
 "VI The trial court erred in granting Appellee's Motion for Leave to File Amended Answer and Motion to Dismiss not having ruled on Appellant's Cross Motion for Summary Judgment, properly submitted to the trial court for adjudication prior to the filing of either motion. [sic] [Order 9/13/99], [Opinion and Judgment Entry 9/30/99] to the trial court for adjudication prior to the filing of either motion. [Order 9/13/99], [Opinion and Judgment Entry 9/30/99].
 "VII The trial court erred in denying Appellant's Motion for Leave to File Amended Complaint because it was unopposed by Appellee. [Opinion and Judgment Entry 9/30/99]
 "VIII The trial court erred in denying Appellant's Motion for Leave to File Amended Complaint because its decision was based on an argument notpresented by Appellee. [Opinion and Judgment Entry9/30/99]"
Before we address the arguments presented by the parties relating to the assignments of error, we will first review the facts and the procedure in this case.
This case began on June 24, 1998 when appellant filed a complaint in the Lucas County Court of Common Pleas alleging that appellee was liable for malicious prosecution. Appellant alleged that appellee filed a complaint in the Toledo Municipal Court on March 26, 1996, charging that appellant committed theft in violation of R.C. 2913.02(A)(1) and (3). As a result of the complaint, appellant was arrested on March 28, 1996. His criminal case was bound over to the grand jury sitting in Lucas County, Ohio. On July 10, 1996, the Toledo Municipal Court filed an entry noting that the criminal case was terminated because no indictment was returned by the grand jury. Appellant alleged that appellee acted with malice and without probable cause when he filed the complaint against appellant in Toledo Municipal Court and he asked for judgment against appellee for malicious prosecution.
Appellee filed an answer on July 16, 1998 in which he denied that he acted with malice or without probable cause and in which he raised several affirmative defenses, including failure to state a cause of action upon which relief can be granted, failure to name all necessary parties, and that he had a limited immunity for his actions. He did not raise the affirmative defense that the statute of limitations had run.
Appellee and appellant each subsequently filed cross-motions for summary judgment and each filed replies to the other's motion. Before the trial court ruled on the cross-motions for summary judgment, appellee filed a motion for leave to file an amended answer, pursuant to Civ.R. 15(A). Appellee asked for leave to amend his answer to include an assertion of the affirmative defense that the statute of limitations for malicious prosecution had run.
Appellant filed a memorandum in opposition to appellee's motion for leave to amend his answer. He argued that: 1) the trial court should first rule on the cross-motions for summary judgment before it ruled on appellee's motion for leave to amend its answer; 2) the court should not permit any further motions because the deadline for filing motions set in the court's scheduling order had already passed; 3) the court would abuse its discretion if it allowed the motion to amend because appellee gave no explanation why he waited more than a year before raising a statute of limitations defense; and 4) he would be prejudiced if the court granted appellee's motion to amend because he could not file a motion to amend his complaint past the date set in the scheduling order for filing motions in order to pursue other causes of action with longer statutes of limitations.
Appellee filed a reply in which he pointed out that the court's scheduling order did not prevent later motions from being filed with leave of court. Accordingly, he said that appellant was still free to ask for leave of court to amend his complaint.
Finally, appellee said that his motion for leave to amend met all the requirements in Ohio law, and that it should be granted.
On September 30, 1999, the trial court filed an opinion and judgment entry in which it granted appellee's motion to dismiss on the basis that the one year statute of limitations for malicious prosecution had run. The trial court further said:
 "As to plaintiff's request to add a civil conspiracy claim, a claim for conspiracy cannot be made subject of a civil action unless something is done which, in the absence of the conspiracy allegation, would give rise to an independent cause of action. * * * Thus, the applicable statute of limitations for the underlying cause of action applies to the civil conspiracy charge. * * * Accordingly, since Mr. Hollinghead's underlying cause of action for malicious prosecution is barred by the statute of limitations, so too is his proposed civil conspiracy claim. Therefore, plaintiff's Motion for Leave to File Amended Complaint is moot." (Citations omitted).
On October 28, 1999, appellant filed his notice of appeal.
Appellant's assignments of error challenge three separate rulings of the trial court: 1) the order granting appellee's request for leave to amend his answer; 2) the order granting appellee's motion to dismiss; and 3) the finding of the trial court that appellant's request to amend his complaint was moot. For the sake of clarity and efficiency, we will consider assignments of error relating to the same ruling together.
The ruling of the trial court that first happened chronologically in this case was the order granting appellee's motion for leave to amend his answer. Appellant challenges that ruling in his third, fourth, fifth, and sixth assignments of error.
In support of his third assignment of error, appellant argues that the trial court should not have granted appellee's motion for leave to amend his answer because the motion was filed after the deadline for filing motions that the trial court announced in its case schedule order. He says that Civ.R. 16 and Loc.R. 5.06(D) of the Lucas County Court of Common Pleas both specify that a case scheduling order will control the proceedings in a case and is binding unless modified. He says the case scheduling order was never modified as a matter of record, so appellee's motion to amend his answer was not timely.Appellee responds that Ohio courts have long recognized that Civ.R. 15 embodies a liberal amendment policy. Appellee says that even if appellant's literal and strict interpretation of the local rule is correct, i.e. that no motions of any kind can be filed past the deadline set by the court for motions in a case scheduling order, the local rule is superseded by Civ.R. 15.
Civ.R. 16, upon which appellant relies, reads as follows:
 "In any action, the court may schedule one or more conferences before trial to accomplish the following objectives:
(1) The possibility of settlement of the action;
(2) The simplification of the issues;
(3) Itemizations of expenses and special damages;
(4) The necessity of amendments to the pleadings;
 (5) The exchange of medical reports of expert witnesses expected to be called by each party;
 (6) The exchange of medical reports and hospital records;
 (7) The limitation of the number of expert witnesses;
 (8) The imposition of sanctions as authorized by Civ.R. 37;
(9) The possibility of obtaining;
(a) Admissions of fact;
 (b) Admissions into evidence of documents and other exhibits that will avoid unnecessary proof;
 (10) Other matters as may aid in the disposition of the action.
"The producing by any party of medical reports or hospital records does not constitute a waiver of the privilege granted under section 2317.02 of the Revised Code.
"The court may, and on the request of either party shall, make a written order that recites the action taken at the conference. The court shall enter the order and submit copies to the parties. Unless modified, the order shall control the subsequent course of the action.
"The court may require that parties, or their representatives or insurers, attend a conference or otherwise participate in pretrial proceedings, in which case the court shall give reasonable advance notice to the parties of the conference or proceedings."
Loc.R. 5.06(D), also relied upon by appellant, provides:
"D. INITIAL PRETRIAL ORDER
 At the conclusion of the initial pretrial conference, a binding case management schedule shall be established and stated in a pretrial order approved by the trial judge.
At a minimum, the pretrial order shall consider:
 "1. The disclosure of all fact witnesses sixty days before the trial date, and a date for the disclosure of all expert witnesses and their reports.
2. A date for the filing of dispositive motions.
3. A date for the completion of discovery.
 4. A date for the filing of any trial briefs and requested jury instructions.
5. A date for a final pretrial conference.
6. The trial date."
Civ.R. 15, upon which appellee relies, provides, in pertinent part:
 "(A) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *"
Civ.R. 15(A) (emphasis added).
As appellee correctly notes in its brief to this court, the Supreme Court of Ohio has ruled that: "A motion for leave to amend a pleading made pursuant to Civ.R. 15(A) should be granted `freely' when justice so requires." Hoover v. Sumlin (1984),12 Ohio St.3d 1, paragraph one of the syllabus. Furthermore, the Supreme Court of Ohio has ruled: "The granting of a motion for leave to amend a pleading shall not be disturbed on appeal absent a showing of bad faith, undue delay or undue prejudice to the opposing party." Id. at paragraph two of the syllabus. The Supreme Court of Ohio also indicated in its opinion:
 "We hold today merely that a party may appropriately raise an affirmative defense in an amended pleading. Civ.R. 15(A) states that leave of court shall be `freely given' as justice requires. Although the grant or denial of such leave is within the sound discretion of the trial court, where the defense is tendered timely and in good faith, and no reason is apparent or disclosed for denying leave, the denial of leave to file such an amended pleading or the subsequent striking of a defense from an amended pleading is an abuse of discretion." Id. at 5-6.
We find that a trial court's order granting a motion for leave to amend a pleading filed pursuant to Civ.R. 15(A) is itself a modification of any pretrial scheduling order contemplated by the provisions in Civ.R. 16. We also find that even if we assumearguendo that appellant is correct when he argues that Loc.R. 5.06(D) of the Lucas County Court of Common Pleas should be strictly construed as setting a binding cutoff date for filing motions, to the extent the local rule is in conflict with the state rules of civil procedure, the state rules override the local rule. Fidelity Guaranty Ins. Underwriters, Inc. v. AetnaCasualty Surety Co. of Illinois (June 30, 1993), Lucas App. No. L-92-024, unreported. Accordingly, the trial court did not err when it granted appellee leave to file an amended answer even though appellee's motion for leave to file was not filed with the court until after the deadline established in the case scheduling order for filing motions. Appellant's third assignment of error is not well-taken.
In support of his fourth assignment of error, appellant argues that the trial court should not have granted appellee leave to file an amended answer because the assertion of the statute of limitations defense was unduly delayed. Appellant says appellee has given no explanation why he waited more than a year until he raised the defense. He alleges that because appellee waited so long to raise the defense, appellee essentially waived the defense.
Relying again on Hoover v. Sumlin, 12 Ohio St.3d 1, appellee responds that the Supreme Court of Ohio has never required that a defendant give reasons for a delay in raising an affirmative defense. Instead, the court has indicated that it is sufficient for a party to make a motion for leave to amend a pleading in order to raise and preserve an affirmative defense. Appellee stresses that this case is unlike others cited by appellant where the procedure in the cases had progressed to such advanced stages that it was not reasonable for a trial court to grant a motion for leave to amend a pleading, i.e. summary judgment had already been granted before a plaintiff sought leave to amend a complaint, Meadors v. Zaring Co. (1987), 38 Ohio App.3d 97,99, or a case had been through the appellate procedure twice before a defendant sought leave to amend an answer, Turnerv. Central Local School District (1999), 85 Ohio St.3d 95.
Appellee says it never waived its affirmative defense of a statute of limitations and that the trial court did not abuse its discretion when it granted appellee leave to amend his answer.
We agree with appellee that the circumstances in this case did not render appellee's motion for leave to amend so untimely as to require appellee to state the reason for its delay in raising the statute of limitations defense. The procedural status of the case was such that appellant was not unduly prejudiced by appellee's delay in asserting his affirmative defense since summary judgment motions were still pending and the case had not yet gone to trial. See id. at 100-101. We also agree that the trial court did not abuse its discretion when it granted the motion for leave to amend appellee's answer in this case. Appellant's fourth assignment of error is not well-taken.
In support of his fifth assignment of error, appellant argues that he was unduly prejudiced by the trial court's order granting appellee leave to file an amended answer. Appellant says that since the discovery deadline set in the case scheduling order had expired when the trial court granted appellee leave to amend his answer, appellant "was prevented from receiving additional information from Defendant to adequately address the assertion of the statute of limitations as a defense." Likewise, he argues that because the deadlines for conducting discovery and for filing motions were past, he was precluded from raising any other causes of action that would not be barred by the statute of limitations after appellee filed his amended answer.
Appellee responds that appellant "did not propound one single question in discovery to Defendant during the entire course of litigation. It is therefore highly unlikely that he would have engaged in discovery on a statute of limitations defense." Appellee also argues that appellant was also free to file a motion for leave to amend his complaint to assert any additional cause of action that was not barred by the statute of limitations. Appellee says that appellant has placed "undue emphasis" upon the local rule for case scheduling and again asserts that the provisions of the state civil rules override the local rule. Finally, appellee says that appellant suffered no prejudice in this case, because all of his alternative causes of action fail since they are reliant upon a viable claim for malicious prosecution on which the statute of limitations has run.
This court does not need to engage in speculation regarding whether or not appellant would have pursued discovery for appellee's statute of limitations claim. As we have already discussed when considering appellant's third assignment of error, appellant was not prohibited from filing motions with the court to amend his own complaint or from seeking additional discovery time to address the new affirmative defense of statute of limitations raised by appellee. Fid. Guar. Ins. Underwriters,Inc. v. Aetna Cas. Sur. Co. of Illinois (June 30, 1993), Lucas App. No. L-92-024, unreported. Appellant's argument that he was prejudiced by the trial court's order granting appellee's motion for leave to amend his answer is therefore not persuasive. Appellant's fifth assignment of error is not well-taken.
In support of his sixth assignment of error, appellant argues that the trial court should not have ruled on appellee's motion for leave to amend or on appellee's subsequent motion to dismiss the case until the trial court first ruled on the pending cross motions for summary judgment. He says that a court should generally rule on motions in the order in which they are presented, and since the motions for summary judgment were presented first, they should have been considered first. He also says that any affirmative defense that is not raised before a motion for summary judgment is filed is waived. Finally, he argues in the alternative that even if the trial court did not abuse its discretion when it granted appellee's motion for leave to amend his answer, its ruling did not render the motions for summary judgment moot, and the trial court should have ruled on the pending motions prior to ruling on appellee's subsequent motion to dismiss.
Appellee responds that he did not waive his affirmative defense of statute of limitations because he properly asserted it with leave of court pursuant to Civ.R. 15(A). He says it is irrelevant that cross motions for summary judgment were already pending when he filed his motion for leave to amend his complaint. He says a trial court has discretion to grant a motion to dismiss, particularly when the ruling will dispose of the entire case. Finally, he says appellee was not prejudiced by the trial court's actions since appellee could not have pled any facts that would make him entitled to a ruling in his favor on his motion for summary judgment for his malicious prosecution claim.
As this court recently noted in another case: "A trial court is invested with broad discretion in controlling its docket and regulating the proceedings before it." Pollock v. Jones (June 23, 2000), Lucas App. No. L-99-1106, unreported. The trial court in this case did not abuse its discretion by considering a motion for leave to file an amended answer and a motion to dismiss before it ruled on cross-motions for summary judgment that were pending before the motion for leave to file an amended answer and a motion to dismiss were filed. The determination of whether a plaintiff pled a cause of action as a matter of law would logically be made before a court proceeded to consider whether any material issues of fact remained in dispute regarding that cause of action. By granting the motion for leave to file an amended answer and permitting appellee to assert the affirmative defense of statute of limitations and by then considering the motion to dismiss filed on the basis that the statute of limitations had expired rather than considering the cross-motions for summary judgment, the trial court exercised judicial economy by considering first whether appellant had asserted a cause of action as a matter of law. See Lin v. Gatehouse Constr. Co. (1992), 84 Ohio App.3d 96,98-99. Appellant's sixth assignment of error is not well-taken.
In support of his seventh and eighth assignments of error, appellant argues that the trial court erred when it denied appellant's motion for leave to file an amended complaint so that he could assert a claim for civil conspiracy. He says that his motion should not have been denied because it was not opposed by appellee. He also says that the basis of the denial was an issue raised by the trial court itself (that the statute of limitations for the underlying claim of malicious prosecution governed the statute of limitations of a claim for civil conspiracy), rather than by appellee, so he was not ever given any notice of the issue or any opportunity to present an argument regarding the issue.
This court has previously recognized that there are times when a trial court may not consider reasons for denying a motion that were not argued by one of the parties. For instance, we have previously held that a trial court may not decide a motion for summary judgment on a basis that was not argued by any of the parties. Davis v. Churchill's Supermarkets, Inc. (Aug. 23, 1996), Lucas App. No. L-96-033, unreported. The basis for our ruling was that the Supreme Court of Ohio has held that: "`A party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond.'" Id. (quoting Mitseff v.Wheeler (1988), 38 Ohio St.3d 112). Therefore, in the context of a summary judgment motion a trial court may not advance a reason other than those presented by the parties as the basis for its ruling.
However, we are unpersuaded that this same reasoning should apply when a party asks a trial court for leave to amend its complaint. In such a situation, the party who is itself asking for leave has the burden to present the operative arguments to the court to persuade the court that justice requires that its motion be granted. See Civ.R. 15(A). The trial court can consider several factors to decide whether the motion should be granted and is not limited to reasons presented by the party presenting or the party opposing the motion for leave to amend the complaint. See State ex rel. Aaron v. Ohio State Parole Auth.
(Apr. 10, 1997), Cuyahoga App. No. 71066, unreported. In addition, the trial court can deny an unopposed motion if it determines on its own and states reasons why justice would not be furthered by permitting an amendment to the pleadings in the case.
Furthermore, we note that when the trial court in this case ruled that the motion to amend the complaint was moot because its ruling that the statute of limitations for malicious prosecution had run would also bar a claim for civil conspiracy, it essentially ruled that the motion for leave to amend the complaint should not be granted because even if the requested amendment was granted, the newly amended complaint could not withstand a motion to dismiss. The Tenth District Court of Appeals noted in a 1996 case:
 "[T]hat the decision to grant or deny a motion for leave to amend is within the discretion of the trial court. DiPaolo v. DeVictor (1988), 51 Ohio App.3d 166, 555
N.E.2d 969. Consequently, review of the trial court's ruling on the motion is generally limited to determining whether the trial court abused its discretion. Wilmington Steel Products, Inc. v.Clev. Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 122,573 N.E.2d 622. Where, however, the trial court's denial of the motion for leave to amend `can fairly be read to have been based on a determination that the amended complaint * * * would not withstand a motion to dismiss, the denial is a legal question that is reviewed de novo.' Rainer [v. Westinghouse Electric Corp. (C.A. 6, 1995), 1995 U.S. App. LEXIS 24514]." Marx v. The Ohio State Univ.College of Dentistry (Feb. 27, 1996), Franklin App. No. 95APE07-872.
Accordingly, we must consider de novo the trial court's ruling that appellant's motion to amend his complaint was moot.
The trial court first ruled that the statute of limitations for appellant's malicious prosecution claim had run. Appellant has not challenged that ruling on appeal. The trial court then held that a claim for civil conspiracy is dependent upon an action separate from conspiracy that would constitute an independent cause of action, and that the statute of limitations for that separate cause of action applies to the civil conspiracy claim. In this case, the only independent cause of action asserted by appellant was malicious prosecution. The trial court said that since the underlying cause of action was barred by the statute of limitations, appellant's civil conspiracy claim was rendered moot.
This court acknowledged in 1988:
 "Conspiracy allegations add nothing further to plaintiff's action other than the underlying wrongdoing than [sic] is the basis of the conspiracy. Minarik v. Nagy (1963), 8 Ohio App.2d 194, 195, 93 Ohio Law Abs. 166, 168, 26 O.O.2d 359, 360, 193 N.E.2d 280, 281 ("' * * * [A] conspiracy cannot be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action. * * *'"); Budinsky v.
 Universal Carloading Distributing Co. (App. 1937), 23 Ohio Law Abs. 12, 15 ("'* * * Where damage results from an act which, if done by one alone, would not afford ground of action, the like act would not be rendered actionable because done * * * in pursuance of a conspiracy.'")." Palmer v. Deanbern Invest. Corp. (1988), 48 Ohio App.3d 296, 300-301.
In 1995, the Eighth District Court of Appeals noted the above rules and then said: "Thus, the applicable statute of limitations for the underlying cause of action applies to the civil conspiracy charge." Cully v. St. Augustine Manor (Apr. 20, 1995), Cuyahoga App. No. 67601, unreported. The Cully v. St. Augustine Manor
court then ruled that because the statutes of limitations for all of the underlying causes of action had expired in that case, so too had the statute of limitations run for the civil conspiracy claim. Id.
We therefore find that the trial court did not err when it essentially ruled as a matter of law that appellant's claim for civil conspiracy would not withstand a motion to dismiss, and that appellant's motion to amend his complaint should not be granted. Appellant's seventh and eighth assignments of error are not well-taken.
In support of his first and second assignments of error, appellant argues that the trial court should not have granted appellee's motion to dismiss in this case. He says that the motion to dismiss was not timely filed and that even if it was timely filed it was not yet ripe for consideration because his time for filing a response to the motion had not yet expired when the trial court issued its ruling.
We first consider appellant's argument that the motion was not timely filed. Appellant says that the motion to dismiss had to be construed pursuant to Civ.R. 12(C) as a motion for judgment on the pleadings. He says that the pleadings were closed long before appellee filed the motion to dismiss and that it should have been rejected because it was filed at a time when it would delay the trial that was set for October 5, 1999.
The Tenth District Court of Appeals quoted the following with approval when a plaintiff argued that the trial court erroneously granted a Civ.R. 12(C) motion that was not timely:
 "`Ordinarily, a motion for judgment on the pleadings should be made promptly after the close of the pleadings. If a party indulges in excessive delay before moving under * * * [Civ.R. 12(C)], the court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of the trial. The determination [of] whether the motion constitutes a delay of trial is within the sound discretion of the judge.
 However, if it seems clear that the motion may effectively dispose of the case, the court should permit it regardless of any possible delay its consideration may cause. * * *' 5 Wright Miller, Federal Practice and Procedure (1969), 685, 687, Section 1367." Fischer v. Morales
(1987), 38 Ohio App.3d 110, 111.
Keeping this standard of review in mind, we conclude that the trial court did not abuse its discretion when it allowed appellee to file a motion to dismiss in this case.
Next, we consider appellant's argument that the trial court should not have granted the motion to dismiss until his time for filing a response to the motion had expired. Appellant argues that under the local court rules he had an absolute right to fourteen days to file a response to all motions filed by appellee. He says those fourteen days had not yet expired and he had not yet filed a response when the trial court granted appellee's motion to dismiss in this case.
First, we note that appellant and appellee are in agreement that because the motion to dismiss was filed after the close of pleadings, the trial court needed to consider the motion as a request for judgment on the pleadings. See Carpetta v. ThePi Kappa Alpha Fraternity (1998), 100 Ohio Misc.2d 42. The Supreme Court of Ohio reviewed a case where judgment was entered on the pleadings and said:
 "Since the judgment below was entered upon the pleadings, pursuant to Civ.R. 12(C), appellee herein was entitled to have all reasonable inferences to be drawn therefrom, construed in her favor as true. 2A Moore's Federal Practice and Procedure, Wright and Miller, Section 1368. Civ.R. 12(C) is a continuation of the former statutory practice and presents only questions of law, and determination of the motion for judgment on the pleadings is restricted solely to the allegations in the pleadings. Conant v. Johnson (1964), 1 Ohio App.2d 133."
Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165-166.
The trial court in this case indicated that from the face of the pleadings, it was apparent that the statute of limitations on appellant's claim for malicious prosecution had run. It therefore ruled as a matter of law that the complaint was insufficient and the case was dismissed.
While it is generally good practice to permit a party to file a reply to a motion to dismiss or to a motion for judgment on the pleadings, we cannot find that in this case appellant was prejudiced by the trial court's action of filing a judgment before appellant filed a reply to the motion to dismiss. Appellant has not pointed to any argument it could have made that would have changed the trial court's legal determination that the statute of limitations on appellant's claim for malicious prosecution had expired. Accordingly, appellant's first and second assignments of error are not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
James R. Sherck, J., Mark L. Pietrykowski, J., Judges concur.
 ____________________________ Peter M. Handwork, J.