OPINION
Pro se plaintiff-appellant, Alice L. West, appeals the decision of the Cuyahoga County Common Pleas Court granting summary judgment in favor of defendants-appellees, Frank J. Kysela, D.D.S. and Frank J. Kysela, D.D.S., Inc. For the reasons that follow, we affirm.
On December 17, 1997, appellant filed a complaint against appellees. Appellant's complaint alleged that she is the custodial parent of her daughter, Brandy O'Meara, who was a patient of Dr. Kysela's. Appellant's complaint alleged further that two letters authored by Dr. Kysela regarding Brandy's orthodontic treatment had defamed her.
The first letter, attached as Exhibit A to appellant's complaint, was dated October 25, 1993 and addressed "To Whom It May Concern." The letter stated:
 Brandy O'Meara has been in orthodontics since 8-24-89. During the course of the treatment Brandy has missed many appointments. This has been due to her mother rarely making her appointments. Frequently, it takes 2-3 times for her mother to bring Brandy to her appointments. When Brandy did make her appointment it was because of her father and stepmother bringing her in. Our office tried many times to speak with Brandy's mother trying to fit her schedule, and appointments were still missed!
 The efforts of Mr. Mrs. Robert O'Meara were the difference between total failure and the results we obtained. Due to the lack of encouragement from her mother, the treatment was not as successful as I had planned. If there are any questions please do not hesitate to call.
The second letter, attached as Exhibit B to appellant's complaint, was undated and addressed to Lloyd J. Ramsey, Esq., appellant's ex-husband's attorney. A stamp on the letter indicates that Mr. Ramsey received the letter on October 29, 1997. In the letter, Dr. Kysela stated that he first saw Brandy O'Meara in January, 1989 and she subsequently began orthodontic treatment with him. Dr. Kysela stated that Brandy had difficulty keeping her monthly appointments and, in fact, failed to keep her appointments in January, February, September and October 1990; February and March, 1991; September, October and November 1992; and March 1993. Dr. Kysela stated further:
 I would like to add here that it is my office policy to have the recepptionist (sic) call the patients the day before appointments to confirm, change or cancel. With Brandy, there were multiple phone calls made in order to make contact with her mother. We would leave messages both at her place of employment, as well as on her machine at home. Most of the time, these calls went unheeded. I can say that this was a major problem.
 Orthodontia treatment depends largely on parental reinforcement. Most of the children I treat do not like to wear appliances, but with encouragement and reinforcement, they show up and do well. The second part of treatment is a committment (sic) on the patient's part, even if they are children. Again, most of my patients do this and successfully complete treatment. Unfortunately, Brandy did not wear the appliance and evidently did not get the message from home that she needed to keep it in her mouth no less that (sic) 20 hours a day.
Dr. Kysela also stated that he had been paid by both the insurance company and Brandy's father for Brandy's orthodontia work and was willing to finish treating her.
On February 20, 1997, appellant filed a motion for leave to file an amended complaint. In her motion, appellant asserted that she wanted to amend her cause of action from defamation to a claim of conspiracy to defame, "in order to protect her ability for recovery as it pertains to the statutes of limitations * * *." The trial court granted appellant's motion on February 27, 1998. Appellant's amended complaint added her ex-husband and Brandy's father, Robert T. O'Meara, as a defendant, and alleged that O'Meara had conspired with appellees to defame her. Appellant subsequently dismissed O'Meara from the suit.
On July 8, 1998, appellees filed their motion for summary judgment. The affidavit of Dr. Kysela, attached to appellees' motion, averred that Brandy O'Meara began her orthodontic care with him on or about August 29, 1989. During the course of her treatment, Brandy missed many appointments and failed to abide by Dr. Kysela's scheduling requests. Dr. Kysela stated that his office policy with respect to all patients was to have the receptionist telephone the patient the day before the appointment to confirm, change or cancel the visit. To this end, multiple calls were made to appellant, both at home and at work, because she was responsible for bringing Brandy to her appointments. Appellant failed to bring Brandy in for regular treatments, however, seriously hampering her orthodontic care.
Dr. Kysela averred that the first of the two letters documenting Brandy's treatment was submitted to the Ohio Department of Child Welfare on October 25, 1993 to inform the department that Brandy's orthodontic treatment had not been as successful as he had planned because of the lack of encouragement from appellant. The second letter was prepared on or about October 29, 1997 at the request of Lloyd J. Ramsey, attorney for Robert O'Meara in the divorce action between O'Meara and appellant.
The affidavit of attorney Ramsey, attached to appellees' motion, averred that he requested the letter from Dr. Kysela in order to respond to motion to show cause filed by appellant in Case No. D-171564 in the Cuyahoga County Court of Common Pleas, Domestic Relations Division, the divorce action between appellant and O'Meara. According to Ramsey, appellant was seeking payment from O'Meara for further orthodontic treatment for Brandy. O'Meara had informed Ramsey, however, that Dr. Kysela had previously treated Brandy for her orthodontic needs and was willing to continue his treatment. Accordingly, Ramsey averred that he requested a letter from Dr. Kysela to obtain evidence to defend O'Meara in the pending domestic relations case.
On August 6, 1998, the trial court granted appellant's motion for an extension of time until September 6, 1998 to respond to appellees' motion.
On August 28, 1998, plaintiff filed a motion to compel appellees to respond to a request for admissions and first set of interrogatories propounded to appellee Frank J. Kysela, D.D.S., Inc. and a motion for sanctions for appellee's non-compliance with her discovery requests. Appellant also filed a motion to supplement her response to appellees' motion for summary judgment after she received the discovery responses.
On September 4, 1998, appellees filed a motion to strike appellant's motion to compel and motion for sanctions, arguing that because appellant had not made any personal attempt to resolve the discovery dispute, as required by Loc.R. 12(F), her motion to compel should be stricken. Appellee also argued that the interrogatories directed to the corporation actually requested information from Dr. Kysela personally and, therefore, because Dr. Kysela had already answered the interrogatories propounded to him, the corporation should not be required to respond to appellant's interrogatories.
On September 23, 1998, the trial court granted appellees' motion to strike and denied appellant's motion to compel and motion for sanctions. The trial court granted appellant's motion to supplement her response to appellees' motion for summary judgment. On October 7, 1998, appellant filed a supplement to her response to appellees' motion for summary judgment.
On October 7, 1998, appellant filed a motion to clarify the court's order of September 23, 1998, requesting clarification regarding the basis of the court's ruling. On October 15, 1998, the trial court issued an order stating, "Motion to clarify order is granted. Deft. corporation does not have to answer questions relating to the personal entity."
On September 4, 1998, appellant filed a fifty-eight page response to appellees' motion for summary judgment, along with thirty-seven exhibits. Ten of the exhibits were answers to interrogatories propounded to Dr. Kysela. Of the remaining twenty-seven exhibits, only six were properly authenticated. These six exhibits consisted of affidavits from appellant; Shawn R. O'Meara, son of appellant, and Robert O'Meara; Robert W. Straley, appellant's brother; Brandy O'Meara; Dennis West, appellant's husband, and Julius E. Kovacs, appellant's former employer.
In her affidavit, appellant averred that she encouraged Brandy to wear her retainer and did not miss numerous appointments with Dr. Kysela from 1989 to early 1991. Appellant also stated that her ex-husband, Robert O'Meara, arbitrarily and prematurely terminated Brandy's orthodontic treatment with Dr. Kysela in 1991 by refusing to take Brandy to her appointments after appellant's driver's license had been suspended.
Shawn O'Meara averred that he lives with appellant and Brandy. According to Shawn, he often listened to the messages on the answering machine attached to appellant's telephone, but never heard any messages for appellant or Brandy regarding Brandy's appointments with Dr. Kysela. Shawn also stated that appellant has always been a concerned and involved parent to him and his sister, Brandy.
Robert Straley, appellant's brother, stated in his affidavit that he had many occasions to observe the interaction between appellant and Brandy during the years 1987 to 1991. According to Straley, both appellant and appellant's mother often encouraged Brandy to wear her retainer.
Brandy O'Meara averred that appellant took her to her monthly appointments with Dr. Kysela until early 1991, when appellant's driver's license was suspended. Brandy stated that although her father, Robert O'Meara, then agreed to take her to her appointments, he took her to a few appointments and then arbitrarily announced that he was terminating her treatment with Dr. Kysela because he did not feel that she was wearing her retainer as prescribed. Brandy also stated that when she told O'Meara in 1997 that she needed further orthodontic treatment, O'Meara got mad and told her he would only pay for further treatment if she went back to Dr. Kysela.
Dennis West, appellant's husband, stated that he began dating appellant in 1991 and married her in 1993. According to West, when he began dating appellant in 1991, she did not drive because her driver's license had been suspended. West stated that appellant did not begin driving again until 1993.
Finally, in his affidavit, Julius Kovacs averred that appellant worked for him from June 1990 to August 1996. According to Kovacs, from the time appellant began working for him until April 1991, she would leave work early once a month to take Brandy to the dentist. Kovacs stated that appellant's driver's license was suspended in April 1991 and she did not begin driving again until after her marriage to Dennis West in 1993.
On October 27, 1998, the trial court, without opinion, granted appellees' motion for summary judgment. The trial court subsequently denied appellant's motion for reconsideration.
Appellant timely appealed, assigning three assignments of error for our review:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE DEFENDANTS WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW AND GENUINE ISSUES OF MATERIAL FACT REMAINED CONCERNING THE DEFENDANTS' ACTUAL MALICE AND THE PROVABLE FALSEHOOD OF DEFENDANTS' DEFAMATORY STATEMENTS CONTAINED IN EXHIBIT "A" OF PLAINTIFF'S COMPLAINT.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE DEFENDANTS WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW AND GENUINE ISSUES OF MATERIAL FACT REMAINED CONCERNING THE DEFENDANTS' ACTUAL MALICE AND THE PROVABLE FALSEHOOD OF DEFENDANTS' DEFAMATORY STATEMENTS CONTAINED IN EXHIBIT "B" OF PLAINTIFF'S COMPLAINT.
 III. THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS REGARDING DISCOVERY PURSUANT TO COURT RULE 11.
In her first and second assignments of error, appellant contends that the trial court erred in granting appellees' motion for summary judgment because there are questions of fact regarding appellees' malice and the falsehood of the alleged defamatory statements contained in the letters.
Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1988), 124 Ohio App.3d 581. 585. This court applies the same test as the trial court. Bank One ofPortsmouth v. Weber (Aug. 7, 1991), Scioto App. No. 1920, unreported. The Ohio Supreme Court recently restated the appropriate test in Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367,369-370 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denial of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56(E)] must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispawv. Eckstein (1996), 76 Ohio St.3d 383, 385. Any doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg
(1992), 65 Ohio St.3d 356, 358-359.
Appellees argue that appellant's claim regarding the first letter authored by Dr. Kysela concerning Brandy O'Meara's orthodontic treatment, dated October 25, 1993, is barred by the one-year statute of limitations applicable to libel claims set forth in R.C. 2305.11(A). Appellees contend that although appellant amended her complaint to alter the nature of her action from a defamation claim to a conspiracy to defame claim, in order to extend the statute of limitations, the gist of her complaint was defamation and, therefore, the one-year statute of limitations applied. Appellant, on the other hand, contends that her claim is for conspiracy to defame, which is not subject to the one-year statute of limitations for libel or slander. We disagree.
Appellant cannot circumvent the statute of limitations period by labeling her claim as a conspiracy to commit defamation. As this court stated in Cully v. St. Augustine Manor (Apr. 20, 1995), Cuyahoga App. No. 67601, unreported:
 [A] claim for conspiracy cannot be made subject of a civil action unless something is done which, in the absence of the conspiracy allegations, would give rise to an independent cause of action. Katz v. Banning (1992), 84 Ohio App.3d 543, 552, 617 N.E.2d 729; Palmer v. Westmeyer (1988), 48 Ohio App.3d 296, 300, 549 N.E.2d 1202; and Stafford v. Greater Cleveland Regional Transit Auth. (Dec. 23, 1993), Cuyahoga App. Nos. 63663 and 65530, unreported. Thus, the applicable statute of limitations for the underlying cause of actions applies to the civil conspiracy charge. (Emphasis added.)
The first letter written by Dr. Kysela regarding Brandy O'Meara's orthodontic treatment was published on October 25, 1993. Appellant's cause of action with respect to the first letter, therefore, accrued on that date and the limitations period expired on October 25, 1994. Appellant filed suit on December 16, 1997, after the limitations period had expired. Therefore, because appellant failed to commence this action within the one-year period prescribed by R.C. 2305.11(A), the statute of limitations bars any action on the first letter. See, also, Fields v. Johnson (Nov. 25, 1998), Cuyahoga App. No. 74375, unreported; Krause v. Case Western Reserve Univ. (Dec. 19, 1996), Cuyahoga App. No. 71712, unreported. Accordingly, the trial court properly granted appellees' motion for summary judgment regarding the first letter.
The trial court also properly granted appellees' summary judgment regarding the second letter. Civil conspiracy in Ohio is "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." Kenty v. Transamerica Premium Ins.Co. (1995), 72 Ohio St.3d 415, 419, citing LeFort v. Century21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 126, citingMinarik v. Nagy (1963), 8 Ohio App.2d 194, 196. "The general rule is that a conspiracy cannot be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action." Minarik, supra at 195. See, also, Gosdenv. Louis (1996), 116 Ohio App.3d 195, 219; Universal Coach, Inc.v. NYC Transit Authority, Inc. (1993), 90 Ohio App.3d 284, 292. Here, the alleged defamatory statements contained in Dr. Krysela's second letter would be the underlying act supporting appellant's civil conspiracy claim.
Ohio courts, however, have long-recognized a doctrine of absolute privilege in judicial proceedings which acts to bar defamation claims. Mauk v. Brundage (1903), 68 Ohio St. 89; ErieCounty Farmers' Ins. Co. v. Crecelius (1930), 122 Ohio St. 210;Bigelow v. Brumley (1941), 138 Ohio St. 574. This doctrine holds that an allegedly defamatory statement made in the course of a judicial proceeding is not actionable where the statement bears some reasonable relation to the matters at hand. Hecht v. Levin
(1993), 66 Ohio St.3d 458, paragraph two of the syllabus. The absolute privilege or "immunity" for statements made in a judicial proceeding extends to every step in the proceeding, from beginning to end. M.J. DiCorpo, Inc. v. Sweeney (1994), 69 Ohio St.3d 497,506.
Here, the second letter was specifically solicited from Dr. Kysela by Lloyd Ramsey for use as evidence in contesting appellant's motion to show cause filed against Richard O'Meara in appellant's divorce action. Appellant wanted the court to order O'Meara to pay for further orthodontic care for Brandy. Accordingly, Dr. Kysela's letter regarding Brandy's previous orthodontic treatment clearly had a "reasonable relation" to the matters at hand. Therefore, Dr. Kysela's letter is covered by an absolute privilege.
Accordingly, there is no underlying defamation claim to support appellant's conspiracy to defame claim regarding Dr. Kysela's second letter. The trial court properly granted summary judgment, therefore, regarding the second letter.
Appellant's first and second assignments of error are overruled.
In her third assignment of error, appellant contends that the trial court erred in denying her motion to compel and motion for sanctions. Appellant asserts that the trial court's ruling "may have cost [her] additional evidence to support her causes of action and wrongfully limited her in her response" to appellees' motion for summary judgment.
We review the trial court's rulings under an abuse of discretion standard. Tracy v. Merrell Dow Pharmaceuticals (1991),58 Ohio St.3d 147. We find no abuse of discretion here.
Loc.R. 11(F) of the Court of Common Pleas of Cuyahoga County provides that:
 [N]o discovery procedure filed under Rule 26 through 37 of the Rules of Civil Procedure to which objection or opposition is made by the responding party shall be taken under consideration by the court, unless the party seeking discovery shall first advise the court in writing that after personal consultation and sincere attempts to resolve differences they are unable to reach an accord. This statement shall recite those matters which remain in dispute, and in addition, the date, time and place of such conference, and the names of all participating parties. It shall be the responsibility of counsel for the party seeking discovery to initiate such personal consultation.
Thus, as a pro se plaintiff, appellant had the responsibility of attempting to resolve her discovery dispute with appellees before filing her motions to compel and for sanctions. She did not do so.
Furthermore, as appellees argued in their motion to strike, the interrogatories submitted by appellant to Frank J. Kysela, D.D.S., Inc. to which appellant sought to compel answers requested the same information from the corporation that Dr. Kysela had already provided to appellant in his answers to interrogatories. Finally, appellant has not identified any evidence that she was denied from discovering as a result of the trial court's ruling. Indeed, although the trial court denied appellant's motions to compel and for sanctions, it granted appellant's motion to supplement her response to appellees' motion for summary judgment and appellant filed a supplemental response on October 7, 1998. Accordingly, the trial court did not abuse its discretion in denying appellant's motion to compel and motion for sanctions.
Appellant's third assignment of error is therefore overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J. and MICHAEL J. CORRIGAN, J., CONCUR.