OPINION
Defendant-appellant Linda Dee appeals from a summary judgment rendered against her on her claims against Dayton police officers Thomas Rachlow and Brian Johns. Dee contends that she established the existence of genuine issues of material fact whether: (1) her personal injury claims were barred by statutory immunity; and (2) whether the officers had been engaged in a civil conspiracy against her.
We conclude that Dee demonstrated the existence of a genuine issue of material fact upon which reasonable minds could find in her favor with regard to her claim of civil conspiracy. However, we also conclude that the competent evidence in the record, when construed in a light most favorably to Dee, fails to establish that the officers acted recklessly or wantonly. Accordingly, the judgment of the trial court rendered against Dee on her civil conspiracy claims is Reversed, the judgment of the trial court is Affirmed in all other respects, and this cause is Remanded for further proceedings.
 I
On March 7, 1998, Linda Dee was traveling on Valley Street in Dayton. At the same time, City of Dayton Police Officers Thomas Rachlow and Brian Johns were in a police cruiser operated by Johns on Leo Street. The officers were then dispatched to Route 4 and Stanley Avenue upon a report of an emergency call. Johns drove the cruiser on Leo Street and made a turn onto Stanley. Both Dee and the officers approached the intersection of Valley and Stanley at the same time. It is undisputed that Dee entered the intersection on a green light when the officers also entered the intersection and collided with Dee's vehicle. However, the parties dispute the speed at which the cruiser entered the intersection, and whether the cruiser's lights and siren had been activated prior to the accident.
Dee was issued a citation for failing to yield. She contested the citation and was found not guilty. Rachlow filed a complaint against Dee for damages arising from personal injuries resulting from the accident. Dee filed a counterclaim against Rachlow and a third-party complaint against Johns for damages arising from personal injuries she sustained during the accident. She also made claims against the officers for civil conspiracy, alleging that the officers conspired to create the impression that their lights and siren had been activated prior to the collision.
Rachlow's claims against Dee were tried before a jury, which found in favor of Dee. The officers filed a motion for summary judgment with regard to Dee's claims against them, which the trial court granted. From this judgment, Dee appeals.
 II
Dee's First Assignment of Error states as follows:
 THE TRIAL COURT ERRED IN GRANTING OFFICER RACHLOW AND OFFICER JOHNS SUMMARY JUDGMENT BECAUSE DEE OFFERED COMPETENT EVIDENCE ON EACH ELEMENT OF HER BURDEN OF PROOF, THEREBY CREATING GENUINE ISSUES OF MATERIAL FACT FOR THE JURY AS TO THE RECKLESSNESS OR WANTON NATURE OF THEIR CONDUCT.
Dee contends that the trial court improperly granted summary judgment in favor of Rachlow and Johns. In support, she argues that she demonstrated that the officers entered the intersection at a high rate of speed without activating the cruiser's lights or siren, thereby creating a genuine issue of fact with regard to whether the conduct of the officers was wanton, willful or reckless.
Ohio law confers immunity from tort liability to police officers for damages caused by the negligent operation of a motor vehicle in the course of responding to an emergency call. R.C. 2744.03(A)(6). Immunity does not apply, however, if the actions of the police officers causing injury are not simply negligent, but are done "with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(6)(b). Wanton misconduct is characterized by "`the failure to exercise any care toward one to whom a duty of care is owed when the failure occurs under circumstances for which the probability of harm is great and when the probability of harm is known to the tortfeasor.'" Hunter v. Columbus (2000), 139 Ohio App.3d 962 969. Willful misconduct is "`an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposely doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury.'" Id., at 969-970. An individual acts recklessly when he "`does an act or intentionally fails to do an act which is in his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.'" Id., at 969.
Our review of the appropriateness of summary judgment is de novo. Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367. 369-370.
In this case, the record contains conflicting evidence on the issue whether the cruiser's lights and siren were activated prior to the accident. Therefore, since we are required to construe the evidence in Dee's favor, we must proceed as though the lights and siren were not activated.
With regard to the speed of the cruiser, we note that Officer Johns submitted an affidavit in which he averred that as he approached the intersection, he yielded to traffic, and then entered the intersection at approximately five to ten miles per hour. The only other evidence regarding the cruiser's speed consists of Dee's deposition testimony, in which she testified that she saw the cruiser when it was about fifteen feet away from her car, and that she did not know the speed. When asked to "guess" the speed, she replied that the cruiser was traveling a minimum of fifty miles per hour. This answer was tendered as a "guess," over objection. Dee's estimate of the speed of the cruiser was never thereafter qualified, or rehabilitated, as anything other than a guess.
Evid.R. 701 governs opinion testimony by lay witnesses and provides as follows:
 If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are
(1) rationally based on the perception of the witness and
 (2) helpful to a clear understanding of his testimony or the determination of a fact in issue.
Generally, a non-expert can testify to how fast a car is going when the testimony is based upon personal perception. Crane v. Lakewood Hosp. (1995), 103 Ohio App.3d 129, 133.
In her deposition, Dee testified that she did not know how fast the cruiser was going and that any statement regarding speed would be a guess. Thus, Dee's own testimony established that she was not competent to offer an opinion concerning the speed of the police cruiser at the time of the collision.
Therefore, we are unable to find any evidence to contradict the officer's affidavit regarding speed, and must therefore take it as an established fact that the speed of the cruiser was five to ten miles per hour at the time of the collision.
In the present case, we find that reasonable minds could only conclude that there was no evidence that the officers acted in a wanton or reckless manner. Instead, the evidence in this record demonstrates, at most, negligence on the part of the officers, in having neglected to turn on their overhead lights and siren, for which they are statutorily immune. Therefore, we conclude that the trial court did not err in granting summary judgment on Dee's claim for personal injuries.
Accordingly, the First Assignment of Error is overruled.
 III
Dee's Second Assignment of Error provides as follows:
 OFFICER RACHLOW AND OFFICER JOHNS WERE NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE DEE OFFERED COMPETENT EVIDENCE ON EACH ELEMENT OF HER BURDEN OF PROOF ON HER CIVIL CONSPIRACY CLAIM.
Dee contends that the trial court erred in rendering summary judgment against her on her claims of civil conspiracy. In support, she contends that the evidence demonstrates a genuine issue of material fact with regard to whether the officers conspired to give the false impression that the lights and siren had been turned on at the time of the accident by turning them on after the accident, and by inducing a witness to sign a statement that they were on prior thereto.
The tort of civil conspiracy has been defined as "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." LeFort v. Century 21-Maitland Realty Co. (1987),32 Ohio St.3d 121, 126. "The malice involved in the tort is `that state of mind under which a person does a wrongful act purposely, without a reasonable or lawful excuse, to the injury of another." Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 475, citation omitted. An underlying unlawful act or tort is required before a party can prevail on a civil conspiracy claim. Gosden v. Louis (1996), 116 Ohio App.3d 195, 219.
Pursuant to Ohio law, a civil conspiracy claim standing alone cannot be the subject of a civil action. Nosker v. Greene County Regional Airport Authority (May 23, 1997), Greene App. No. 96 CA 101, unreported, citations omitted. "The general rule is that a conspiracy cannot be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action." Minarik v. Nagy (1963),8 Ohio App.2d 194, 195. Instead, it must be coupled with another independent cause of action. Palmer v. Westmeyer (1988),48 Ohio App.3d 296. 301.
In this case, Dee's complaint alleges that the officers conspired to create a false impression that the lights and siren had been on prior to the accident. Therefore, she claims that their actions caused her to be wrongly cited for failure to yield, and thus, caused her to have to defend herself against a false charge and incur attorney fees in doing so. Thus, when the evidence, including all reasonable inferences, is construed in a light most favorable to her, Dee might persuade a reasonable finder of fact that she was maliciously prosecuted because of the actions of the police officers. The officers contend that this claim is barred by the "Intracorporate Immunity Doctrine," which they cite for the proposition that as agents of the police department, the officers were not independent actors and were thus not capable of conspiring solely with each other. In support, they cite Scanlon v. Gordon F. Stofer Bro. Co. (June 22, 1989), Cuyahoga App. Nos. 55467 and 55472, unreported. However, we note that this case indicates that the alleged conspirator receives immunity only when his actions are within the scope of his employment; i.e., that they are undertaken to advance an express or implied purpose of the employer. Here, there is no evidence, and we would be loathe to suppose, that inducing a witness to give a false statement or conspiring to give a false impression, if that is really what happened, are within the scope of a Dayton police officer's duties. Therefore, this argument must fail.
The officers also contend that even if one credits the testimony of Ms. Keith that Johns told Rachlow to turn the lights and siren on after the accident had occurred, a jury could find that the officers had turned the lights and siren off right after the accident, and realized that they needed to turn them back on to alert oncoming motorists. This is one reasonable inference, and might well persuade the jury. However, we are required to construe the evidence, including all reasonable inferences, in a light most favorable to Dee as the non-moving party, and we are not prepared to hold that the competing inference — that Johns told Rachlow to turn the lights and siren on after the accident in order to bolster a false claim that they had been on all along — is unreasonable.
Dee also claims that the officers conspired together to cause witnesses to give false statements. We have found no evidence in the record to support a finding that they conspired with each other or with the witness to produce a false statement. Rather, it appears that one officer merely told a witness to clarify her statement.
Dee has arguably alleged that she was wrongfully cited and prosecuted for failure to yield based upon the actions of the officers in conspiring. Thus, she has alleged the requisite underlying tort — malicious prosecution. She has also presented evidence from which reasonable minds could possibly conclude that Johns told Rachlow to turn the overhead lights and siren on to create a false impression. Therefore, we conclude that the trial court erred in dismissing her civil conspiracy claim.
Accordingly, the Second Assignment of Error is sustained.
 IV
Dee's First Assignment of Error having been overruled, and her Second Assignment of Error having been sustained, the judgment of the trial court adverse to Dee on her civil conspiracy claim is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for further proceedings consistent with this opinion.
BROGAN and GRADY, J. J., concur.