**Matt ALDRICH, Plaintiff,**

v.

**Bobby GREG, et al., Defendants.**

**No. 3:01 CV 7143.**

United States District Court,
N.D. Ohio,
Western Division.

Feb. 6, 2002.

Javier H. Armengau, Law Office of Javier H. Armengau, Marion, OH, for Plaintiff.

Margaret J. Lockhart, Cooper & Walinski, Toledo, OH, for Defendants.

## ORDER

CARR, District Judge.

Plaintiff, Matthew Aldrich, brings this suit alleging civil conspiracy,[1] breach of

---

1. Paragraph nine of plaintiff's complaint alleges that "defendants conspired together, maliciously and willfully to deprive plaintiff of his employment in the same or similar industry and of his means of livelihood, to cause plaintiff to lose his rights, privileges and benefits as an employee of the defendant, Dana Corporation, and to impair plaintiff's reputation among prospective employers, and to subject plaintiff to embarrassment, scorn and derision among his friends, relatives and fellow employees." Though the allegation is not clear entirely, I, like defendants, have interpreted this claim as one for civil conspiracy.

contract, violation of public policy, and violation of the Family Medical Leave Act (FMLA), 29 C.F.R. § 825. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367(a). Pending is defendants' motion for summary judgment pursuant to Fed. R.Civ.P. 56. For the following reasons, defendants' motion for summary judgment shall be granted.

## BACKGROUND

In August, 1994, plaintiff began working at Dana Corporation's Marion, Ohio plant. During the course of plaintiff's employment he worked in various departments. He was a production worker at the time of the events giving rise to this action. On or about October 11, 1999, plaintiff notified defendants that his health was impaired and that he would be unable to report to work until October 18, 1999. On or about October 14, 1999, Dana, through its employee, Jim Hurley, told plaintiff that his employment with Dana was terminated immediately. On February 21, 2001, plaintiff filed a complaint in the Court of Common Pleas for Marion County, Ohio, against defendants Dana, Jim Hurley, Brad Dempsey, and Bobby Greg, claiming that his termination was unlawful.[2]

Defendants removed this case to this court pursuant to 28 U.S.C. § 1441 because plaintiff alleged violations of the FMLA, over which this court has original jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over all other claims under 28 U.S.C. § 1367(a).

## STANDARD OF REVIEW

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party initially must demonstrate to the court the basis for its motion and identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Once the burden of production has been shifted to the nonmoving party that party cannot rest on its pleadings or merely reassert its previous allegations. It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548.

In deciding the motion for summary judgment, the evidence of the nonmoving party will be believed as true, all doubts will be resolved against the moving party, all evidence will be construed in the light most favorable to the nonmoving party, and all reasonable inferences will be drawn in the nonmoving party's favor. *Eastman Kodak Co. v. Technical Servs., Inc.,* 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any

---

2. Dempsey and Greg were not served with the complaint within the time required by this court. Plaintiff's claims against these defendants will be dismissed for want of prosecution, with prejudice.

material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## DISCUSSION

### I. Family and Medical Leave Act (FMLA)

■ Plaintiff alleges that defendants violated the Family Medical Leave Act by wrongfully terminating his employment because of absences that were protected. The FMLA allows "eligible" employees of a covered employer to take job-protected unpaid leave for up to a total of twelve weeks in any twelve month period because the employee needs to care for a family member with a serious health problem, or because the employee's own health condition makes the employee unable to perform the functions of his or her job. 29 C.F.R. § 825.100(a).

To be eligible for FMLA protection or leave, an employee must: (1) have been employed by the employer for at least twelve months; (2) have been employed for at least 1,250 hours of service during the twelve-month period immediately preceding the leave; and (3) be employed at a worksite where fifty or more employees are employed by the employer within seventy-five miles of that worksite. 29 C.F.R. § 825.110(a)(1)(2)(3).

In determining whether an employee has worked the minimum 1,250 hours required to entitle him or her to FMLA leave, courts must use the principles established under the Fair Labor Standards Act (FLSA) for determining compensable work hours. 29 C.F.R. § 825.110(c). The guidelines for calculating the number of "hours worked" under the FLSA clearly state that only hours actually spent working count toward the FMLA "hours of

service" requirement. Under 29 C.F.R. § 785.16(a), "Periods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked." As one other court stated, "The FLSA clearly states that 'payments made for occasional periods when no work is performed due to vacation, holiday, illness ... and other similar causes' are not considered compensation for 'hours of employment.'" *Robbins v. Bureau of Nat'l Affairs, Inc.*, 896 F.Supp. 18, 21 (D.D.C.1995) (quoting 29 U.S.C. § 207(e)(2)).

To qualify as an "eligible employee," plaintiff must have worked 1,250 "hours of service" between October 6, 1998, and October 6, 1999, the first day plaintiff requested leave. *See* 29 C.F.R. § 825.110(a)(2).

Plaintiff claims that he meets the minimum of 1,250 hours of service during the twelve-month period immediately preceding the commencement of leave required by the FMLA if his vacation and holiday periods are included as hours of service. Defendants argue that such periods cannot be included. I agree.

While employed, plaintiff steadily accumulated numerous disciplinary reports for excessive absenteeism. In April, 1999, plaintiff received additional warnings for excessive absenteeism. On June 24, 1999, plaintiff received a three-day suspension for his absenteeism. Plaintiff again was suspended, this time for ten days, on July 27, 1999, for additional absences. At the time of plaintiff's suspensions, he was warned in writing that further disciplinary action could result in discharge.[3]

---

**3.** Plaintiff also was suspended numerous times during his employment for insufficient work effort.

On October 6, 1999, plaintiff arrived for work but left shortly after his shift began, complaining of chest pain and shortness of breath. Plaintiff returned to work after spending a few hours in the emergency room. At that time, he presented the paperwork from the hospital to his supervisor and left work.

Plaintiff did not come to work on October 7, 1999, and did not contact his supervisor to let him know that plaintiff would not be there. Plaintiff also failed to arrive for work on October 8, 1999. Plaintiff claims that he called his doctor on October 8, 1999, and scheduled an appointment for October 11th. Plaintiff also states that he was instructed by his doctor not to report for work. Plaintiff submitted FMLA paperwork to Brad Dempsey, his supervisor, requesting FMLA leave for the period of October 6–14, 1999. When plaintiff returned to work on October 14, 1999, he was informed that he had been terminated for excessive absenteeism.

Defendants provided the court with plaintiff's payroll report. Plaintiff does not contest the accuracy of the payroll report. Instead, plaintiff argues that the "hours of service" requirement is satisfied if hours attributed to holiday and vacation periods are added to the actual hours worked.

Construing the facts in the light most favorable to plaintiff, the maximum number of hours worked during the twelve months preceding the first requested day of leave is 1,152. The hours plaintiff was paid for vacations and holidays represent periods during which plaintiff was completely relieved from duty; hence they cannot be included in the calculation of hours worked. *See, e.g., Nelson v. City of Cranston,* 116 F.Supp.2d 260, 266 (D.R.I. 2000) (holding that "hours of service" under the FMLA includes only hours actually worked and not periods where no actual work is done due to vacation, holiday, ill-

ness, or other similar causes); *Robbins,* 896 F.Supp. at 21 ("[A]ccording to the clear language of the FLSA and its regulations, neither paid or unpaid leave are included in any calculation of 'hours of service' under the FMLA"). Because plaintiff does not satisfy the "hours of service" requirement, he is not an "eligible employee" as defined by the FMLA and FLSA. *See* 29 C.F.R. § 825.110(c); 29 C.F.R. § 785. Plaintiff, therefore, cannot recover on a FMLA claim.

## II. Breach of Contract

■ Plaintiff alleges that Dana did not follow the policies or procedures set forth in the company's employee handbook concerning taking leave, thereby breaching an implied contract between plaintiff and Dana. Defendants contend plaintiff's claim is barred the statute of limitations. Plaintiff fails to oppose this contention. Plaintiff's claim for breach of contract shall be, therefore, dismissed.

Defendants' argument, furthermore, is well-taken. Plaintiff clarified at his deposition that he referred to the procedures in the Collective Bargaining Agreement that existed between Dana and the Union to which plaintiff belonged. Because plaintiff's cause of action for breach of contract arose under the Collective Bargaining Agreement, it is subject to the six-month statute of limitations set forth in the Labor–Management Relations Act, 29 U.S.C. § 160(b). Plaintiff was terminated on October 14, 1999, but did not file his complaint until February 21, 2001—more than sixteen months later. Accordingly, plaintiff's claim for breach of contract is time-barred.

## III. Violation of Public Policy

■ Plaintiff alleges that his termination violated public policy. Defendants contend plaintiff's public policy claim must fail because plaintiff's FMLA fails. Plaintiff fails to oppose this contention. Plain-

tiff's public policy claim shall be, therefore, dismissed.

Defendants' argument, furthermore, is well-taken. In *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228, 551 N.E.2d 981 (1990), the Ohio Supreme Court created an exception to the general common-law doctrine of employment-at-will when a discharge is in violation of a statute and thereby contravenes public policy. The Court later extended *Greeley* to recognize a cause of action in tort where the wrongful discharge violates the "Constitutions of Ohio and the United States, administrative rules and regulations, and the common law." *Painter v. Graley,* 70 Ohio St.3d 377, 639 N.E.2d 51 (1994).

▬ Ohio courts recognize a claim for wrongful discharge as a violation of public policy under limited circumstances. Specifically, a plaintiff must show. (1) a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law; (2) dismissing employees under circumstances like involved in the plaintiff's dismissal would jeopardize the public policy; (3) the plaintiff's dismissal was motivated by conduct related to the public policy; and (4) the employer lacked an overriding legitimate business justification for the dismissal. *Kulch v. Structural Fibers, Inc.,* 78 Ohio St.3d 134, 150–51, 677 N.E.2d 308 (1997) (citing H. Perrit, *The Future of Wrongful Dismissal Claims: Where Does Employer Self–Interest Lie?* 58 U.Cin.L.Rev. 397, 398–99 (1989)). The first two elements are questions of law to be determined by the court, while the latter two elements are questions of fact to be determined by the trier of fact. *Id.* at 151, 677 N.E.2d 308.

▬ The first step in determining whether plaintiff states a cause of action for a violation of public policy is to ascertain whether a constitution, statute, regu-

lation, or the common law manifest a clear public policy. Plaintiff relies on the public policy expressed in the FMLA. At least one Ohio court has recognized a public policy against discharging eligible employees for taking leave under the FMLA. *Wiles v. Medina Auto Parts,* No. 00 CIV 0076, 2001 WL 615938 (Ohio Ct.App. June 6, 2001). However, as described, plaintiff was not eligible for FMLA leave. Therefore, plaintiff's claim for violation of public policy must fail. *See Sadinsky v. EBCO Mfg. Co.,* 134 Ohio App.3d 54, 62, 730 N.E.2d 395 (1999) (holding that appellant's failure to make a prima facie case of disability discrimination caused appellant's public policy violation claim to fail).

### IV. Civil Conspiracy

▬ Plaintiff alleges defendants engaged in civil conspiracy by conspiring to deprive him of employment. Defendants contend plaintiff's civil conspiracy claim fails because plaintiff has not alleged unlawful conduct to support a civil conspiracy claim. Plaintiff fails to oppose this contention. Plaintiff's civil conspiracy claim shall be, therefore, dismissed.

▬ Defendants' argument, furthermore, is well-taken. Civil conspiracy is " 'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.' " *Kenty v. Transamerica Premium Ins. Co.,* 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (1995) (citing *LeFort v, Century 21–Maitland Realty Co.,* 32 Ohio St.3d 121, 126, 512 N.E.2d 640 (1987) (citing *Minarik v. Nagy,* 8 Ohio App.2d 194, 196, 193 N.E.2d 280 (1963))). Before plaintiff can succeed on a claim for civil conspiracy, there must be an underlying unlawful act. *Gosden v. Louis,* 116 Ohio App.3d 195, 219, 687 N.E.2d 481 (1996) (citing *Minarik,* 8 Ohio App.2d at 195, 193 N.E.2d 280).

As explained, termination of plaintiff's employment violated neither the FMLA nor public policy. Plaintiff has alleged no other unlawful conduct in support of his claim for civil conspiracy. Because plaintiff has not demonstrated or pled any underlying unlawful conduct, plaintiff's claim for civil conspiracy must fail.

## V. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is **GRANTED.**

**So ordered.**