JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiffs Larry, Mary and Steven Bradigan appeal from the orders of the trial court entered in favor of defendants the Strongsville City Schools ("Strongsville"), Polaris Joint Vocational Schools ("Polaris") Christine Scarlett and John Doe defendants in plaintiffs' action for sexual battery, negligence, and other claims for relief. For the reasons set forth below, we affirm.
 {¶ 2} On February 11, 2006, plaintiffs filed suit against defendants and alleged, in relevant part, as follows:
 {¶ 3} "4. Steven Bradigan is a `handicapped child' pursuant to R.C. Sec. 3323.01(A).[1] * * *
 {¶ 4} "* * *
 {¶ 5} "12. * * * Scarlett was enabled to conduct an incentive-based grading system that included `raise your grade — date a teacher.'
 {¶ 6} "13. As a result of this `curriculum,' Christine Scarlett assaulted and committed sexual battery against Steven Bradigan, a junior in her Special Education class.
 {¶ 7} "* * * *Page 4 
 {¶ 8} "15. As a direct and proximate result of the assault and sexual battery by Christine Scarlett against Steven Bradigan * * * Steven Bradigan parented a child[.]"
 {¶ 9} Plaintiffs set forth claims for sexual abuse and negligence against Scarlett, and claims for negligence, negligent infliction of emotional distress, "res ipsa loquitur," "civil conspiracy — collateral estoppel," and loss of filial consortium against defendants. Defendants filed answers in which they denied liability. Defendants further asserted that Steven Bradigan was born in February 1985, and graduated in June 2004. Defendants also asserted, inter alia, that the claims for relief were time-barred. Scarlett filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and the remaining defendants moved for judgment on the pleadings. The trial court granted the motions and plaintiffs now appeal.
 {¶ 10} Plaintiffs raise eight assignments of error which challenge the orders entering judgment for defendants.
 {¶ 11} A reviewing court analyzes the trial court's decision regarding judgment on the pleadings de novo. Thomas v. Byrd-Bennett, Cuyahoga App. No. 79930, 2001-Ohio-4160, citing Drozeck v. Lawyers Title Ins. Co.
(2000), 140 Ohio App.3d 816, 820, 749 N.E.2d 775. The determination of a motion for judgment on the pleadings is limited solely to the allegations in the pleadings and any writings attached to the pleadings.Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165, 297 N.E.2d 113. Pursuant to Civ.R. 12(C), "dismissal is appropriate where a court (1) *Page 5 
construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond a doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief."State ex rel Midwest Pride IV, Inc. v. Pontious, 75 Ohio St.3d 565, 569,1996-Ohio-459, 664 N.E.2d 931. The very nature of a Civ.R. 12(C) motion is specifically designed to resolve solely questions of law. Duff v.Coshocton County, Ohio Board of Commissioners, Coshocton App. No. 03-CA-019, 2004-Ohio-3713, citing Peterson, supra at 166.
 {¶ 12} Likewise, the standard of review on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is de novo. Greeley v. Miami ValleyMaintenance Contrs. Inc. (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. The motion tests the sufficiency of the complaint. State ex rel. Hanson v.Guernsey Cty. Bd. of Commrs., 65 Ohio St.3d 545, 1992 Ohio 73,605 N.E.2d 378. The court we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd. v. Faber (1991), 57 Ohio St.3d 56,565 N.E.2d 584.
 {¶ 13} We further note that a school district is a political subdivision. Gabel v. Miami E. School Bd., Miami App. No. 2005-CA-412006-Ohio-5963. Pursuant to R.C. 2744.04(A):
 {¶ 14} "An action against a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function * * * shall be brought within *Page 6 
two years after the cause of action accrues, or within any applicable shorter period of time for bringing the action provided by the Revised Code."
 {¶ 15} A cause of action premised upon acts of sexual abuse is subject to the one-year statute of limitations for assault and battery. R.C.2305.111; Doe v. First United Methodist Church, 68 Ohio St.3d 531,1994-Ohio-531, 629 N.E.2d 402. The Supreme Court also determined that claims of negligence for "failing to protect" a child victim from "sexual behavior" are subject to R.C. 2305.10, i.e., a two-year statute of limitations. Id. In determining the limitations period, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. Id.
 {¶ 16} The First United Methodist Church Court explained:
 {¶ 17} "[I]t is necessary to determine the true nature or subject matter of the acts giving rise to the complaint. * * * `[In] determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial.' Furthermore, in Love v.Port Clinton (1988), 37 Ohio St.3d 98, 524 N.E.2d 166, syllabus, a majority of this court held that `where the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence.' In Love, the court recognized that nearly any assault and battery can be creatively pled as a claim for negligence, but that the *Page 7 
form of the pleading does not govern the question as to which statute of limitations is to be applied. Id. at 99, 524 N.E.2d at 168."
 {¶ 18} We further note, however, that the limitations period is tolled during minority or other legal disability pursuant to R.C. 2305.16 which states, in pertinent part:
 {¶ 19} "If a person entitled to bring any action mentioned in those sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed."
 {¶ 20} R.C. 1.02(C) defines "of unsound mind" to include "* * * all forms of mental retardation or derangement."
 {¶ 21} The Supreme Court has defined these terms as follows:
 {¶ 22} "A `mentally retarded person' is defined by R.C. 5123.01(K) as `a person having significantly subaverage general intellectual functioning existing concurrently with deficiencies in adaptive behavior, manifested during the developmental period.' Although not defined in the Revised Code, `derangement' has been equated with insanity. Webster's Third New International Dictionary (1986) 607."Fisher v. Ohio University (1992), 63 Ohio St.3d 484, 589 N.E.2d 13.
 {¶ 23} A plaintiff who seeks to invoke the tolling provision has the burden of proof as to this issue. Wright v. Univ. Hosp. ofCleveland (1989), 55 Ohio App.3d 227, 563 N.E.2d 361. The plaintiff must establish that he was suffering from some *Page 8 
species of mental deficiency or derangement, so as to be unable to look into his affairs, properly consult with counsel, prepare and present his case and assert and protect his rights in a court of justice. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 490, 609 N.E.2d 1272, citingBowman v. Lemon (1926), 115 Ohio St. 326, 154 N.E. 317, and Lowe v.Union Trust Co. (1931), 124 Ohio St. 302, 10 Ohio Law Abs. 702,178 N.E. 255.
 {¶ 24} Plaintiffs assert that because Steven Bradigan was a "handicapped child" pursuant to R.C. 3323.01(A), that he suffers from a disability that tolls the limitations period. R.C. 3323.01(A) defines the term "handicapped child" as follows:
 {¶ 25} "A person under twenty-two years of age who is developmentally handicapped, hearing handicapped, speech handicapped, visually disabled, severe behavior handicapped, orthopedically handicapped, multi handicapped, other health handicapped, specific learning disabled, autistic, or traumatic brain injured, and by reason thereof requires special education."
 {¶ 26} In light of the fact that the term "handicapped child,"may include mental or physical disabilities, we cannot accept plaintiff's contention that they are entitled to invoke the tolling provisions because of the handicapped status. That is, nothing in the record indicates that Steven suffers from "mental retardation or derangement" pursuant to R.C. 5123.01(K) or R.C. 1.02(C), and there is no indication that he has any disability that rendered him unable to look into his affairs, properly consult with counsel, prepare and present his case and assert and protect his rights in a court of *Page 9 
justice. The record therefore indicates that the applicable limitations periods were not tolled, due to legal disability, and do not extend the limitations past Steven's reaching the age of majority. Because these claims were not filed until three years after Steven reached the age of majority, the applicable statutes of limitations operated to bar the claims for relief for sexual abuse, negligence, and negligent infliction of emotional distress. Moreover, we conclude that the allegations as to Scarlett's fraudulent misrepresentation (Complaint 26-28) has, as its "essential character," the alleged tort of "child endangering [and] sexual battery" (Complaint ___ 27). As such, these allegations are subject to a one-year limitations period and are likewise barred.
 {¶ 27} With regard to the claim for "res ipsa loquitur," we note that the doctrine of res ipsa loquitur is not a substantive rule of law furnishing an independent ground for recovery. Morgan v. Children'sHospital (1985), 18 Ohio St.3d 185 480 N.E.2d 464. Rather, it is an evidentiary rule which permits, but does not require, the jury to draw an inference of negligence when the logical premises for the inference are demonstrated. Id. Accordingly, defendants were entitled to judgment as to this claim.
 {¶ 28} As to the claim for civil conspiracy, we note that there must be a viable claim distinct from the conspiracy in order for the conspiracy claim to survive. Gosden v. Louis (1996),116 Ohio App.3d 195, 219, 687 N.E.2d 481, citing Minarik v. Nagy (1963),8 Ohio App.2d 194, 195, 93 Ohio Law Abs. 166, 193 N.E.2d 280; *Page 10 Cooke v. United Dairy Farmers, Inc., Franklin App. No. 05AP-1307, 2006-Ohio-4365; Mitchell v. Mid-Ohio Emergency Services, L.L.C., Franklin App. No. 03AP-981, 2004-Ohio-5264. As such, the failure of the underlying claims results in the failure of the conspiracy claim.
 {¶ 29} Similarly, with regard to the claim for loss of filial consortium, it is derivative of the other claims and can only be maintained if the primary cause of action is proven. Vinicky v.Pristas, 163 Ohio App.3d 508, 2005-Ohio-5196, 839 N.E.2d 88;Messmore v. Monarch Mach. Tool Co. (1983), 11 Ohio App.3d 67, 68-69,463 N.E.2d 108. Because a derivative claim cannot afford greater relief than that relief permitted under a primary claim, a derivative claim fails when the primary claim fails. Id.; Breno v. Mentor, Cuyahoga App. No. 81861, 2003-Ohio-4051.
 {¶ 30} Insofar as plaintiffs challenge the trial court's failure to make findings of fact and conclusions of law, we note that a court ruling on motions brought pursuant to Civ.R. 12(C) has no duty to make findings of fact and conclusions of law. See Civ.R. 52. Moreover, since the motion for judgment on the pleadings tests the legal sufficiency of the pleadings, the court does not assume the role of factfinder and has no duty to issue findings of fact. State ex rel. Drake v. Athens Cty.Bd. of Elections (1988), 39 Ohio St.3d 40, 41, 528 N.E.2d 1253, 1254; Civ.R. 52.
 {¶ 31} Finally, as to the claims asserted against the John Doe defendants, we note that if a plaintiff timely files an action naming an unknown "John Doe" defendant containing the words "name unknown," then, even though a statute of limitations has *Page 11 
intervened, plaintiff may serve the John Doe defendant upon discovering who he is within one year after commencing the action by personally serving a copy of the summons upon him. Civ.R. 15(D). The amended complaint then relates back to the initial filing date of the complaint. Civ.R. 3(A); Austin v. Standard Bldg. (Dec. 4, 1997), Cuyahoga App. No. 71840. In this matter, as we explained previously, the limitations period expired before the complaint was filed so there can be no relation back to salvage the claims as to the Doe defendants.
 {¶ 32} The assignments of error are without merit.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., CONCURS. COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY
[1] Defendants maintained that Steven received special education due to a hearing disability. *Page 1